PEOPLE *v*. GOLDBERG.

1. CRIMINAL LAW—TRIAL—INSTRUCTIONS—ROBBERY.
In prosecution for robbery armed, with intent, if resisted, to kill and maim, trial court was not in error in instructing jury that offense was established, and that only question was defendant's claimed participation.

2. SAME—COMMENT OF TRIAL JUDGE.

  Under Act No. 175, Pub. Acts 1927, chap. 8, § 29, allowing trial
  judge to comment on evidence, instruction that, in determining
  credibility of witnesses, jury was to take into consideration
  surroundings of witnesses for people and their ability to
  absolutely identify defendant, was not erroneous.

3. SAME—ARGUMENT OF COUNSEL.

  Claimed erroneous argument of prosecuting attorney will not be
  considered by Supreme Court where there is nothing in record
  to indicate that court's attention was called thereto during
  trial, that any ruling thereon was requested, or that exception
  thereto was taken.

4. SAME—REQUEST PROPERLY REFUSED WHERE SUBJECT COVERED BY
  CHARGE AS GIVEN.

  There was no error in refusing requested instruction, where
  subject was properly covered by charge as given.

5. SAME—NEW TRIAL—ABUSE OF DISCRETION.

  There was no abuse of discretion in denying motion for new
  trial based on affidavit of prisoner in State prison, where
  affidavit was not signed by him.

Error to Recorder's Court of Detroit; Kilpatrick
(Arthur W.), J.   Submitted October 17, 1929.
(Docket No. 153, Calendar No. 34,518.)   Decided
December 3, 1929.

Arthur Goldberg was convicted of robbery armed,
with intent, if resisted, to kill and maim.   Affirmed.

*Norman M. Snider* (*Chawke & Sloan,* of counsel),
for appellant.

*Wilber M. Brucker,* Attorney General, *James E.
Chenot,* Prosecuting Attorney, and *Philip J. Neu-
deck,* Assistant Prosecuting Attorney, for the people.

POTTER, J.   The defendant, Arthur Goldberg, was
arrested charged with robbery armed, with intent, if
resisted, to kill and maim.   On trial he was convicted,

and brings error. He claims the trial court erred in charging the offense was established, and the only question was the claimed participation of defendant, and in giving undue prominence to the people's witnesses. He claims the argument of the prosecuting attorney was prejudicial, and the court erred in failing to properly charge as to the weight to be given defendant's testimony, and in denying defendant's motion for a new trial.

The question raised by defendant's first assignment of error has been ruled adversely to his contention in this State. *People* v. *Bryan,* 170 Mich. 683; *People* v. *Kolodzieski,* 237 Mich. 654; 14 R. C. L. p. 739.

The statute, Act No. 175, Pub. Acts 1927, chap. 8, § 29, gives the court the right, in his charge to "make such comment on the evidence, the testimony and character of any witness, as in his opinion the interest of justice may require."

Defendant complains that the court charged that in determining the credibility of the witnesses the jury was to take into consideration the surroundings of the witnesses for the people and their ability to absolutely identify defendant. The charge was warranted by the facts, and was as favorable to defendant as he was entitled to. The court said they were to take these things into consideration with the other testimony in the case, and charged that, when they had considered the testimony, one of two verdicts could be rendered. We do not think the court erred to defendant's prejudice.

Defendant contends there was error in the argument of the prosecuting attorney. There is nothing in the record indicating the court's attention was called to the alleged erroneous argument during the trial; that he was given any opportunity to correct

the same; that any ruling was requested, or any exceptions taken to the claimed erroneous argument at the time. Under such circumstances, this court will not consider the question. *People* v. *Giddings,* 159 Mich. 523 (18 Ann. Cas. 844); *People* v. *Mulvaney,* 171 Mich. 272; *People* v. *Sartori,* 168 Mich. 308.

Defendant's counsel may not sit by and listen to the claimed prejudicial argument of the prosecuting attorney, relying upon his ability to reply thereto, and, when the verdict is adverse, take a *post mortem* exception thereto. If there was anything in the argument prejudicial to defendant, it was the right of defendant's counsel to object thereto and assign error thereon.

The assignment based upon the failure of the court to give the defendant's sixth request to charge is without merit. The subject was properly covered by the charge as given. Defendant's rights were not prejudiced., It is claimed the court erred in not granting a motion for a new trial. The motion for a new trial was based upon the affidavit of one Charles Chester Howard, while he was a prisoner in Marquette, which affidavit is not signed by Howard. Under the circumstances, we do not think the court abused his discretion in denying defendant a new trial. *People* v. *Francis,* 52 Mich. 575; *People* v. *Nunn,* 120 Mich. 530; *People* v. *Sartori, supra.*

Conviction affirmed.

BUTZEL, WIEST, McDONALD, and SHARPE, JJ., concurred with POTTER, J. NORTH, C. J., and FEAD and CLARK, JJ., concurred in the result.