PEOPLE v. ROBERTSON.

1. INDICTMENT AND INFORMATION—SURPLUSAGE—MANSLAUGHTER BY ABORTION.

In prosecution of defendant under an information charging her in language of section of statute providing that one who administers anything to procure the miscarriage of a pregnant woman shall be guilty of a felony and if the woman dies the offense should be deemed manslaughter and all elements of such crime were established, erroneous reference in conclusion

of information to section of same statute relative to like conduct toward a "woman pregnant with a quick child" may be disregarded as surplusage (Act No. 328, §§ 14, 323, Pub. Acts 1931).

2. CRIMINAL LAW—MANSLAUGHTER BY ABORTION.

In prosecution of defendant under an information charging her in language of section of statute relative to procurement of abortion resulting in manslaughter but concluding by erroneous reference to section of statute relative to death of mother pregnant with a quick child or such child, court's reading of latter statute did not prejudice defendant since it imposed an additional burden on the prosecution of showing that the woman was pregnant with a quick child (Act No. 328, §§ 14, 323, Pub. Acts 1931).

3. HOMICIDE—MANSLAUGHTER BY ABORTION—INSTRUCTIONS.

In prosecution for manslaughter by abortion, charge when considered as a whole and including charge as requested by defendant did not permit conclusion by jury that proof of abortion alone was sufficient to find defendant guilty of manslaughter (Act No. 328, § 14, Pub. Acts 1931).

4. SAME—MANSLAUGHTER BY ABORTION—REQUEST TO CHARGE— LESSER OFFENSES—ALIBI.

In prosecution for manslaughter by abortion where it is undisputed that an abortion was performed and that death resulted therefrom and defense interposed was that of alibi, it was not error to refuse request to charge based on theory that jury might find defendant guilty of abortion only where it was included within offense of manslaughter by abortion as defined by statute (Act No. 328, § 14, Pub. Acts 1931).

5. SAME—MANSLAUGHTER BY ABORTION—EVIDENCE.

In prosecution for manslaughter by abortion, claim that there was no evidence that death resulted from alleged unlawful acts *held*, without merit (Act No. 328, § 14, Pub. Acts 1931).

6. SAME—MANSLAUGHTER BY ABORTION—SAVING QUESTIONS FOR REVIEW—PREJUDICIAL ARGUMENT.

Claimed prejudice because of inflammatory argument to jury in prosecution for manslaughter by abortion was not well taken where defendant raised no objection in trial court (Act No. 328, § 14, Pub. Acts 1931).

Appeal from Recorder's Court for the City of Detroit; Stein (Christopher E.), J. Submitted January 15, 1942. (Docket No. 83, Calendar No. 41,608.) Decided March 17, 1942.

Agnes Robertson was convicted of manslaughter. Affirmed.

*J. Clair Wilson,* for appellant.

*Herbert J. Rushton,* Attorney General, *Edmund E. Shepherd,* Solicitor General, *William E. Dowling,* Prosecuting Attorney, *Wallace A. Temple* and *Henrietta E. Rosenthal,* Assistants Prosecuting Attorney, for the people.

CHANDLER, C. J. Appellant was convicted and sentenced for the crime of manslaughter under an information which charged such offense in the language of Act No. 328, chap. 3, § 14, Pub. Acts 1931 (Comp. Laws Supp. 1940, § 17115-14, Stat. Ann. § 28.204), which provides:

"Any person who shall wilfully administer to any pregnant woman any medicine, drug, substance or thing whatever, or shall employ any instrument or other means whatever, with intent thereby to procure the miscarriage of any such woman, unless the same shall have been necessary to preserve the life of such woman, shall be guilty of a felony, and in case the death of such pregnant woman be thereby produced, the offense shall be deemed manslaughter.

"In any prosecution under this section, it shall not be necessary for the prosecution to prove that no such necessity existed."

The information concluded with a reference to chapter 45, § 323, of the same act (Comp. Laws Supp. 1940, 17115-323, Stat. Ann. § 28.555), which provides:

"Any person who shall administer to any woman pregnant with a quick child any medicine, drug or

substance whatever, or shall use or employ any instrument or other means, with intent thereby to destroy such child, unless the same shall have been necessary to preserve the life of such mother, shall, in case the death of such child or of such mother be thereby produced, be guilty of manslaughter.

"In any prosecution under this section, it shall not be necessary for the prosecution to prove that no such necessity existed."

In charging the jury, the court first read the information and then section 323, *supra*.

Appellant assigns as error the failure of the prosecution to prove that the deceased was "pregnant with a quick child" at the time of the commission of the alleged offense.

Although it was not shown that the deceased was "pregnant with a quick child," all the elements of the crime required by the provisions of section 14, under which the information was obviously drafted, were established, and the erroneous reference in the conclusion of the information to section 323 may be disregarded as surplusage. *People* v. *Netzel,* 295 Mich. 353.

A conviction under section 323 would require an additional element of proof, not required under section 14, that is, that the deceased was "pregnant with a quick child." In view of the fact that all the elements necessary to a conviction under the information and section 14 were established, appellant was not prejudiced and cannot complain because the court, mistakenly, read section 323. The court's action merely placed an additional burden on the prosecution and one which it was not required to prove under the information.

Appellant claims that there was prejudicial error in the charge to the jury in that it is claimed the

court used the words "abortion" and "manslaughter" interchangeably and that the jury thereby became confused and were led to believe that proof of an abortion was sufficient to convict of manslaughter. For example, after reading the information, the court said:

"In other words, the information charges that the respondent, the defendant, in the city of Detroit, committed the offense commonly known as abortion."

This was followed by a reading of section 323, *supra*.

He then said:

"I will go over this again. In other words, the information charges that the respondent, in the city of Detroit, on the date in question, committed the offense commonly known as abortion."

Later he charged:

"and the State claims that, by reason of the acts on the part of Mrs. Robertson, the defendant herein, that she has violated this law in question and is, therefore, guilty of the offense charged in the information; namely, guilty of manslaughter."

Although it can be seen from the foregoing that the court referred to the crime of abortion alone in the instances above cited, a reading of the charge as a whole makes it clear that the jury were not misled and could not have concluded that proof of this crime alone was sufficient to find defendant guilty of manslaughter as defendant argues, for the court subsequently charged, as requested by defendant:

"Counsel for the defendant has filed requests to charge and I will charge you that in order to find the defendant guilty of the crime of manslaughter,

members of the jury, it will be necessary for the people to establish beyond a reasonable doubt as follows:

"That on or about the 22d day of February, A. D. 1940, and prior thereto, the deceased, Florence Callahan, was pregnant; that prior to the 22d day of February, A. D. 1940, in the city of Detroit, county of Wayne and State of Michigan, the defendant, Agnes Robertson, did wilfully and unlawfully use an instrument or instruments in and upon and about and within the body of Florence Callahan with the intent thereby to produce a miscarriage upon her, the said Florence Callahan; that the use of such instrument or instruments by the defendant with the intent to produce a miscarriage on said Florence Callahan was the direct and natural cause of her death. I charge you, members of the jury, if you believe that Florence Callahan died from natural causes or from an attempt to abort herself by the use of a catheter or other instrument, then you should find the defendant not guilty."

Appellant assigns as error the refusal of the court to give the following charge as requested:

"I charge you if you should find that the alleged act of defendant was not the direct cause of death of Florence Callahan, then you should determine whether or not defendant is guilty of abortion. In other words, under the wording of the information filed in this case, there may be a verdict of guilty as charged, that is manslaughter, guilty of abortion, or not guilty. If you are satisfied beyond a reasonable doubt that defendant did wilfully administer to Florence Callahan, who was then pregnant, certain drugs or employed any instrument or other means whatever on the body of Florence Callahan, with the intent thereby to procure a miscarriage, and that same was not necessary to preserve the life of Florence Callahan, and such

action was not the direct cause of the death, you may find the defendant guilty of abortion.''

She claims that a lesser offense, the crime of abortion, is included in the larger offense of manslaughter as defined by section 14 under which she was tried, and that she was entitled to have the above-quoted request to charge given on the theory that the jury might have found her guilty of the lesser offense.

The statute provides that if certain acts are performed with intent to produce a miscarriage of a pregnant woman and the death of said woman is thereby produced, the person performing such acts shall be guilty of manslaughter. If death does not result, the crime is a felony. Here, the testimony is uncontradicted that an abortion was performed and that death resulted therefrom. Appellant's only defense was an alibi. The unlawful acts specified with resulting death having been established without contradiction, appellant, under the terms of the statute, was either guilty or not of manslaughter. The request to charge was, therefore, rightly denied.

It is further claimed that there was no evidence presented to establish that death resulted from the alleged unlawful acts. We have examined the record and find the point to be without merit.

Finally, it is claimed that appellant was prejudiced by the inflammatory argument of the prosecution to the jury. This point is not well taken as no objection thereto was raised in the trial court. *People* v. *Goldberg,* 248 Mich. 553.

The conviction is affirmed.

BOYLES, NORTH, STARR, BUTZEL, BUSHNELL, and SHARPE, JJ., concurred. WIEST, J., did not sit.