## PEOPLE *v.* OMACHT.

1. CRIMINAL LAW—SAVING QUESTION FOR REVIEW.
   In prosecution for common-law conspiracy to corrupt the legislature by bribery, which developed from a one-man grand-jury proceeding, where defendant, as witness on his own behalf as well as of others, stated that during the grand-jury proceeding the prosecutor made a lunge at him and the prosecutor replied "You know different than that, you know that is a deliberate lie," not having been followed by objection or request for court ruling upon the same *held,* not such an incident as to constitute reversible error.

REFERENCES FOR POINTS IN HEADNOTES
[1, 3, 4] 3 Am Jur, Appeal and Error, §§ 270, 374, 375; 53 Am Jur, Trial, §§ 458, 459.

2. SAME—PRESUMPTIONS OF INFERENCES BY JURORS.

It is not to be presumed that jurors, in direct violation of their well-known duty, indulge in unjustifiable inferences from remarks made in the heat of trial and under provocation.

3. SAME—STATEMENTS OF SPECIAL PROSECUTOR—SAVING QUESTION FOR REVIEW.

Statements of special prosecutor in prosecution for common-law conspiracy to corrupt the State legislature by bribery, which referred to the one-man grand juror who had conducted the investigation leading to the charge being made, *held,* not to have constituted reversible error, where no objection was made to such remarks.

4. APPEAL AND ERROR—ARGUMENT—CONDUCT OF PROSECUTOR—SAVING QUESTION FOR REVIEW.

In order to review improper argument of the prosecuting attorney it is essential to secure a ruling of the trial court.

REID and BUSHNELL, JJ., dissenting.

Appeal from Ingham; Simpson (John), J., presiding. Submitted May 19, 1949. (Docket No. 66, Calendar No. 42,920.) Decided January 9, 1950. Rehearing granted February 28, 1950. See 328 Mich 145.

*Stephen J. Roth,* Attorney General, *Edmund E. Shepherd,* Solicitor General, *Daniel J. O'Hara,* Assistant Attorney General, and *Richard B. Foster,* Special Assistant Prosecuting Attorney, for the people.

*James E. Haggerty (Hugh V. Williams,* of counsel), for appellant Omacht.

BUSHNELL, J. (*dissenting*). Defendant George W. Omacht was tried and found guilty of conspiring to corrupt the 1939 legislature of the State of Michi-

gan.   The facts are sufficiently stated in People v. Hancock, ante, 471, and People v. Cooper, post, 514.

The controlling question is whether the defendant had a fair trial as guaranteed by the Constitution of Michigan and the Fourteenth Amendment to the Constitution of the United States.

Omacht was a witness before the one-man grand jury.  At his trial he testified in his own behalf.  During his cross-examination reference was made and quotations were read to him from his grand-jury testimony.   These quotations concerned his understanding of what Hemans, the State's witness-in-chief, was to do.   Then the following occurred:

"What was there about my question, 'What was meant by his best influence?' that indicated anything to you about money?

"A.   The way you behaved, led me to think that was going to be the ultimate inquiry.   The way you talked.   You did talk different than you are now.

"Q.   How?

"A.   You were sitting back quite a way from me and you made one of those lunges toward me.

"Mr. Sigler: You know different than that, you know that is a deliberate lie.

"The Witness: No, it is not.

"Q.   You know I stood up in front of you and talked to you just as I am talking to you now, you know that is the truth?

"A.   No.

"Q.   Why did you then say when I asked that question, say no money was paid?

"A.   I thought that was part of your question, when I gave that answer, you went back and sat down.   My memory is good as to that."

Justice Sharpe holds in the Hancock Case that, without an objection by counsel, this was merely an incident "not of sufficient importance to constitute reversible error."

It was held to be fatal error for a prosecutor to make the following statement:

"I will say, however, upon my official oath, that I know when Mr. Cunningham told certain things upon the stand he told the truth."

In reversing, this Court said:

"It was practically the introduction of unsworn testimony corroborative of Cunningham. The case of *People* v. *Treat,* 77 Mich 348, was a similar case. In that case not only was the prosecutor instantly and severely rebuked by the trial judge in the presence of the jury, but all was done that could be done to counteract the effect of his statement. Yet this Court, upon a record most convincingly showing defendant's guilt, felt constrained to say that injurious error had been committed, which the trial court was powerless to correct." *People* v. *Nichols,* 159 Mich 355, 363.

A prosecutor is permitted considerable latitude where a statement made in good faith does not appear to have adversely influenced a jury. *People* v. *Burnstein,* 261 Mich 534, 538. Yet this latitude has its limitations.

It was not only improper to charge this defendant witness with uttering a deliberate lie, but it was also reversible error.

The *Hancock* opinion quotes at length from the special prosecutor's argument to the jury with respect to references to "good old Judge Carr."

This conspiracy trial was the last of a series of those resulting from an extensive one-man grand-jury investigation, conducted by Circuit Judge Carr, now a member of this Court. By this argument he was indirectly put upon the witness stand in an attempt to persuade a jury from his own county of the undoubted guilt of the defendant.

As Justice SHARPE intimates, these remarks were erroneous and prejudicial, but he holds that the absence of an objection and the attempt at correction by the court obviate reversal and a new trial.

The special prosecutor also said to the jury:

"After I read those articles that were branding me throughout the State of Michigan where I had worked for a quarter of a century to try and build up a good name, I went to bed that night and along about 3 or 4 o'clock I awoke, I couldn't sleep. I laid there and tried to think, 'What in the world have I done to that man, what have I done to him.' I tried to recall everything that happened in the trial from the day we started until the time it happened. I couldn't sleep. Finally I got out of bed and I walked over there toward the window that looks toward and down,—looks down on the Capitol Building, and there was the old dome up there in the stillness of the night, and off out there in one corner was the Senate chamber and over here was the House chamber, and there was the chamber of the great Supreme Court that we respect. Here I had been accused of being a dishonest lawyer, because I tried to help old Judge Carr clean up the mess. I stood there, and I thought 'What in the world was the man thinking of.' I wondered if it was because he was a member of the assault gang. As I stood there looking out into the stillness of that night, trying to figure what the man had done and why he had done it, many things flashed through my mind. As I stood there I said to myself, 'Can it be possible that the defense have somebody on the jury they can trust and will do the things that Mr. Nelson was talking about— go to the jury room and don't give in,' that, in substance, is what he said. 'Can it be possible that one of those good people down there is a friend of someone on the defense and is going to hang out regardless.' I said, 'No, that cannot be, because they are good honest citizens of a good community. They

believe in law and good government. They don't believe that kind of stuff."

This argument was also prejudicial.

Had objection to these improper remarks been made, and the trial court, with all the language at its command, instructed the jury to disregard them, the damage could not have been repaired. *People* v. *Nichols, supra.*

"An ink spot may be blotted out in part, but the stain still remains." *People* v. *Kolowich,* 262 Mich 137, 151.

These prejudicial remarks effectually denied defendant a fair trial. *Krulewitch* v. *United States,* 336 US 440, 444, 457 (69 S Ct 716, 93 L ed 790, 794, 801).

No such errors, so clearly prejudicial in nature, as those referred to in this opinion occurred in *People* v. *Burnstein,* 201 Mich 534; *People* v. *DeLano* and *People* v. *Sherman,* 318 Mich 557; *People* v. *Logie* and *People* v. *Diggs,* 321 Mich 303; *People* v. *Fleish,* 321 Mich 443.

Conviction should be reversed, and a new trial should be ordered.

REID, J., concurred with BUSHNELL, J.

NORTH, J. I cannot concur in reversal. The grounds upon which Justice BUSHNELL relies for reversal are considered and disposed of correctly in *People* v. *Hancock, ante,* 471, and conviction therein affirmed. On the same record and for like reasons the conviction in the instant case should be affirmed. Such holding is in accord with our decisions, in which there was no dissent, in quite similar cases reported in *People* v. *Burnstein,* 261 Mich 534; *People* v. *DeLano* and *People* v. *Sherman,* 318 Mich 557;

*People* v. *Logie* and *People* v. *Diggs,* 321 Mich 303; *People* v. *Fleish,* 321 Mich 443.

The first of the circumstances which my Brother holds constitutes reversible error evidently got into the record by the obviously unanticipated claim of Omacht when under cross-examination by the special prosecutor that the latter, when examining Omacht in the one-man grand-jury proceedings, had improperly assumed a threatening attitude toward the witness. The statements made to and answered by the witness, while somewhat objectionable in the words used, "you know that is a deliberate lie," was obviously accepted by the witness as a question quite equivalent to "you know the answer just made by you is untrue, do you not?" The witness answered: "No, it is not." No objection was made to this incident, which occurred many days before the case was submitted to the jury. A ruling by the court was not asked at the time, nor later in a request to charge, nor was it urged as error in defendant's motion for a new trial.

"However, this Court has repeatedly stated that errors will not be considered on review in the absence of objection to the prejudicial remark or comment, and that it is the duty of the opposing counsel to seek and obtain a ruling of the trial judge. *People* v. *Goldberg,* 248 Mich 553." *People* v. *Rosa,* 268 Mich 462, 466.

In a case strikingly like the instant case in its background, without dissent, we held:

"Remarks of special prosecuting attorney, in trial of legislators for conspiracy to corruptly influence the action of the legislature by bribery, derogatory of defense counsel in such a way as courts or juries pay little attention to *held,* harmless and not to require the setting aside of verdict of conviction in view of entire showing made upon the trial." *People* v. *Green* (syllabus), 323 Mich 128.

"In prosecution for rape where prosecuting attorney asked one of appellant's witnesses a question and witness replied he was then off the witness stand, remark of prosecutor 'Get back on the stand, Smartness,' although unnecessary, was not ground for reversal." *People* v. *Cleveland* (syllabus), 295 Mich 139.

"It is not to be presumed that jurors, in direct violation of their well-known duty, indulge in unjustifiable inferences from remarks made in the heat of trial and under provocation." *People* v. *Logie,* (syllabus), *supra.*

*People* v. *Nichols,* 159 Mich 355, relied upon by Mr. Justice BUSHNELL, differs very materially from the instant case. In the cited case the prosecutor in his final argument said to the jury: " 'I will say, however, upon my official oath, that I know when Mr. Cunningham told certain things upon the stand he told the truth.' " Defendant's counsel promptly objected and immediately the prosecutor in substance repeated the quoted assertion. Again defendant's counsel took an exception to the prosecutor's statement. It was on such a record, to which the record in the instant case is not at all comparable, that error was found in the *Nichols Case.*

In the case at bar subsequent to the incident under consideration testimony was taken which appears in 353 pages of the printed record, being the testimony of 42 witnesses. Lengthy arguments followed and later the charge of the court. Finally by the verdict of the jury 3 of the 5 so-called finance defendants (of which Omacht was one) were convicted and 2 acquitted. The record abundantly justifies Omacht's conviction. We find that the noted incident in this long and strenuous trial did not prejudice the jury and, under this record as a whole, did not constitute reversible error.

The other aspect of the record upon which Mr. Justice BUSHNELL relies for reversal is referred to and quoted in his opinion from the special prosecutor's closing argument. It need not be repeated. Admittedly the quoted flight of oratory, the like of which is not infrequently indulged in incident to arguing important cases, might well have been omitted from final summation. Obviously it had to do with matters quite outside the record, and it is fair to assume would have been excluded had timely objection been made. But it is quite farfetched, under this record, to say that it generated prejudice which deprived defendant of a fair trial. And further, since a timely objection was not made, under the settled law of this jurisdiction, error on appeal cannot be assigned thereon.

"In order to review improper argument of the prosecuting attorney it is essential to secure a ruling of the trial court." *People* v. *Auerbach* (syllabus), 176 Mich 23 (Ann Cas 1915B 557).

"Defendant contends there was error in the argument of the prosecuting attorney. There is nothing in the record indicating the court's attention was called to the alleged erroneous argument during the trial; that he was given any opportunity to correct the same; that any ruling was requested, or any exceptions taken to the claimed erroneous argument at the time. Under such circumstances, this Court will not consider the question. *People* v. *Giddings,* 159 Mich 523 (18 Ann Cas 844); *People* v. *Mulvaney,* 171 Mich 272; *People* v. *Sartori,* 168 Mich 308." *People* v. *Goldberg,* 248 Mich 553.

"Finally, it is claimed that appellant was prejudiced by the inflammatory argument of the prosecution to the jury. This point is not well taken as

no objection thereto was raised in the trial court." *People* v. *Robertson*, 301 Mich 100, 106.

. The conviction of defendant Omacht is affirmed.

BOYLES, C. J., and SHARPE, J., concurred with NORTH, J.

. DETHMERS, BUTZEL, and CARR, JJ., did not sit.