WHALEN v. FRISBIE.

No. 11240.

United States Court of Appeals
Sixth Circuit.

Dec. 19, 1950.

Jonas B. Katz, Cincinnati, Ohio, Jonas B. Katz, Cincinnati, Ohio, on brief, for appellant.

Edmund E. Shepherd, Lansing, Mich., Stephen J. Roth, Edmund E. Shepherd, Lansing, Mich., on brief, for appellee.

Before ALLEN, McALLISTER and MILLER, Circuit Judges.

PER CURIAM.

This is an appeal from the judgment of the District Court denying a petition for writ of habeas corpus on the ground that appellant had not exhausted the remedies available in the state courts of Michigan. Appellant is confined under a sentence of the Circuit Court of Tuscola County, Michigan, where he was tried and found guilty of the crime of breaking and entering in the nighttime, in violation of § 110, Michigan Penal Code, Comp.Laws 1948, § 750.-110, Mich.Stat.Ann. § 28.305.

The Supreme Court of Michigan on April 14, 1949, denied appellant's application for writ of habeas corpus and certiorari, holding that "the questions sought to be raised by petitioner should properly be presented by leave to appeal, rather than by petition for writ of habeas corpus, therefore it is ordered that the petition be, and hereby is, denied, without prejudice to the right of petitioner to seek a review of his conviction by appeal."

Appellant claims that such process is ineffective to protect his rights. This claim is based upon the premise that appellant's co-defendant, Carl F. Genske, who was found guilty of breaking and entering in the nighttime in the same trial, filed an application in 1945 for leave to appeal, alleging the same facts as those alleged by appellant herein. This application was denied by the Supreme Court of Michigan without opinion, and appellant therefore contends that it would be futile to apply to the Supreme Court of Michigan under the same allegations as those which were presented to that court by Genske in an application which was denied.

But the record shows that Genske filed his application for leave to appeal upon the principal ground that error was committed to his prejudice because of the fact that he was compelled to be tried jointly with the appellant. Genske's defense was based entirely upon an alibi. Appellant, on the other hand, did not deny being at the scene of the crime, but contended at the trial that he was too intoxicated to remember anything about the circumstances. Appellant claims here that he was convicted on per-

jured testimony, known by the district attorney to be false, and that he has no effective remedy in the state courts.

The Michigan corrective process which comprises a delayed motion for retrial and an application for leave to appeal from the denial thereof is an effective remedial procedure established in the State of Michigan for cases of this nature, People v. Burnstein, 261 Mich. 534, 246 N.W. 217, and recognized by the Supreme Court of the United States. Quicksall v. Michigan, 339 U.S. 660, 70 S.Ct. 910. The Circuit Courts of Michigan have power upon proper showing to order a new trial without limitation of time. People v. Burnstein, supra; 3 Comp.Laws of Michigan, 1929, § 17355; People v. Hurwich, 259 Mich. 361, 373, 243 N.W. 230.

The liberality with which this principle is applied is shown by the fact that in the Quicksall case the motion to vacate sentence and for new trial was filed almost ten years after the sentence. People v. Quicksall, 322 Mich. 351, 353, 33 N.W.2d 904; Quicksall v. Michigan, supra. While the motion was denied and the Supreme Court of the United States affirmed the judgment of the state court, the motion was fully considered on its merits, extended hearings being held in the trial court and considered by the state court of last resort. The motion was denied not because it had been filed almost ten years after the sentence, but because the trial court found, in a ruling which the Supreme Court of Michigan approved, that the contentions of the accused were not established by the evidence in the case.

We conclude that the corrective process of Michigan for persons such as this appellant, claiming to be illegally detained in violation of their constitutional rights, is applicable and effective. The fact that appellant's co-defendant, who was attacking his own conviction upon a totally different issue of fact, failed to secure relief, does not establish that resort to the Michigan courts would be futile. Nor are circumstances shown "rendering such process ineffective to protect the rights of the prisoner." 28 U.S.C. § 2254, 28 U.S.C.A. § 2254.

The District Court correctly held that appellant had not exhausted his remedies in the state courts, and the judgment is affirmed.