Chester L. MOHLER, Petitioner,

v.

The STATE of Michigan, Respondent.

United States Court of Appeals,
Sixth Circuit.

Nov. 15, 1954.

Before SIMONS, Chief Judge, and McALLISTER and STEWART, Circuit Judges.

SIMONS, Chief Judge.

Upon consideration of a petition, by one in custody under a state court judgment, it is impossible to determine whether it is addressed to this court or to one of the judges thereof. It is sent to the Chief Judge but demands a memorandum opinion by the court upon certain hypothetical questions in respect to an alleged invasion of the petitioner's constitutional rights and procedures under state law. It seeks no review of or consideration of a judgment of the United States District Court because no proceeding has been filed therein and as far as we are able to understand the basis of his grievance, the petitioner seeks an advisory opinion by this court.

If the petition is addressed to the court, there is no jurisdiction to entertain it for the court is without jurisdiction to directly review state court judgments, either by appeal or writs of certiorari, and no district court judgment is involved.

If the petition may be construed as seeking a writ of habeas corpus from the individual judge to whom it is addressed, the petitioner must likewise fail because it is clear that he has not exhausted state remedies. His contention that the state of Michigan furnishes no adequate remedy for an invasion of rights under the Federal Constitution must be rejected. Michigan corrective process provides a delayed motion for

retrial and an application for leave to appeal from denial thereof and is an effective remedial procedure. People v. Burnstein, 261 Mich. 534, 246 N.W. 217. We so held in Whalen v. Frisbie, 6 Cir., 185 F.2d 607, and it has been recognized by the Supreme Court of the United States in Quicksall v. People of State of Michigan, 339 U.S. 660, 70 S.Ct. 910, 94 L.Ed. 1188. The circuit courts of Michigan have power, upon proper showing, to order a new trial without limitation of time, People v. Burnstein, supra, People v. Hurwich, 259 Mich. 361, 243 N.W. 230.

The petitioner contends that he filed a delayed motion to vacate judgment and sentence on June 25, 1954, that it was denied July 22, 1954, and that he filed an appeal on July 28, 1954 with an application for writ of certiorari to the Michigan Supreme Court on August 4, 1954. We are unable to find any record of action by the Supreme Conrt of Michigan, by a reference to its proceedings, and the petition gives us no reference to Supreme Court action.

■ In any event, the remedies that must be exhausted before action is taken in the federal courts include a petition for certiorari from the court of last resort in the state to the Supreme Court of the United States. In ex parte Hawk, 321 U.S. 114, 64 S.Ct 448, 88 L.Ed. 572, it was held that ordinarily an application for habeas corpus by one detained under a state court judgment will be entertained by a federal court only after all state remedies available, including appellate remedies in the state courts and in the Supreme Court of the United States have been exhausted. While some ambiguity as to the scope of this doctrine was perceived in Wade v. Mayo, 334 U.S. 672, 68 S.Ct. 1270, 92 L.Ed. 1647, that decision has now been clarified by Darr v. Burford, 339 U.S. 200, 70 S.Ct. 587, 597, 94 L.Ed. 761, where it was said: "It is this Court's conviction that orderly federal procedure under our dual system of government demands that the state's highest courts should ordinarily be subject to reversal only by this Court and that a state's system for the administration of justice should be condemned as constitutionally inadequate only by this Court (the Supreme Court of the United States)."

■ Even though the petitioner's grievance is within the limited exceptions to this principle, and the generalizations of his petition do not so indicate, his appropriate procedure is by petition for a writ of habeas corpus in the district court of the United States from which an appeal would lie here.

Petition denied.