**John W. BROWN, Petitioner and Appellant,**

v.

**Raymond J. BUCHKOE, Warden, Michigan Branch Prison, Marquette, Michigan, Respondent and Appellee.**

**No. 13148.**

United States Court of Appeals
Sixth Circuit.

June 7, 1957.

Edmund E. Shepherd, Sol. Gen., Lansing, Mich. (Thomas M. Kavanagh, Atty. Gen., Lansing, Mich., on the brief), for appellee.

John W. Brown in pro. per.

Before ALLEN, McALLISTER, and STEWART, Circuit Judges.

PER CURIAM.

John W. Brown was convicted in the Circuit Court for the County of Wayne in the State of Michigan of the offense of robbery unarmed, and is at present serving a sentence of from five to fifteen years' imprisonment in the Marquette State Prison. He filed his petition in the district court for a writ of habeas corpus, claiming that he was denied the right to a review of his conviction by the state courts of Michigan, and that the State of Michigan refused to provide him with the means necessary to effect an appeal. He also petitioned that the district judge, before whom the habeas corpus proceedings took place, disqualify himself for bias and prejudice. The district court dismissed the application for a writ of habeas corpus and denied the petition for disqualification.

Petitioner did not specify any errors committed in his trial, which constituted denial of due process; he stated no facts as to the reason why his confinement was illegal or unconstitutional; nor did he make any effort to prepare and submit for certification to the trial judge a proposed concise statement of the proceedings and facts to be used as the basis of an application for leave to appeal to the Michigan Supreme Court, which is the required procedure.

■ The Constitution of the State of Michigan, art. 1, § 10, provides that an accused person, in courts of record, shall have the right to such reasonable assistance as may be necessary to perfect and prosecute his appeal. Rule 60 of the Michigan Court Rules provides that, in an application for leave to appeal, a transcript of the testimony shall not be required as a basis for the settlement by the trial judge, in the Circuit Court, of the concise statement, above mentioned, for such application. The Circuit Courts of Michigan have power upon a proper showing, to order a new trial, without limitation as to time. People v. Burnstein, 261 Mich. 534, 246 N.W. 217.

Petitioner calls attention to the fact that, in all cases where error is alleged in the charge of the court, the whole of the charge shall be set up in such statement. However, nothing in the record before us specifies any claims of error in the charge of the trial court to the jury. In any event, this part of the record, rather than the transcript of the testimony, is the part of the record to be sought by application to the trial judge. If any error is claimed as a result of his determination in this regard, review is then to be sought in the Michigan Supreme Court; and review of any error claimed as a result of its determination is thereafter to be sought in the United States Supreme Court.

■■ It does not appear that petitioner ever applied for leave to appeal. The district court properly held that it had no power to order the Circuit Court of Wayne County to furnish petitioner, without charge, a transcript of the testimony in his trial, and that it appeared that petitioner was attempting to secure a free transcript without making any effort to appeal. The district judge further observed that petitioner's application did not amount to an effort to test the legality of his confinement, but that it was, rather, a contention that the process provided by the State of Michigan for reviewing a judicial determination, in criminal cases, was inadequate, and that this claim had been disposed of in Whalen v. Frisbie, 6 Cir., 185 F.2d 607; Mahler v. Frisbie, 6 Cir., 193 F.2d 319; and in Mulvey v. Jacques, 6 Cir., 199 F.2d 300.

■ As to petitioner's contention that the trial judge was prejudiced and biased because he had never granted applications for writs of habeas corpus filed by inmates of the state prison at Marquette, there is no merit to the claim that a judge of a United States District Court may be disqualified on the basis of his decisions in other cases.

In accordance with the foregoing, the order of the district court denying the application for a writ of habeas corpus, as well as for disqualification, is affirmed.