**Joseph E. MULLREED, Petitioner,**

v.

**William H. BANNAN, Warden, State Prison of Southern Michigan, Respondent.**

Civ. No. 17318.

United States District Court
E. D. Michigan, S. D.

Feb. 21, 1958.

Joseph E. Mullreed, in pro. per.

Thomas M. Kavanagh, Atty. Gen., Perry A. Maynard, Asst. Atty. Gen., for defendant.

O'SULLIVAN, District Judge.

Petitioner herein asks for the issuance of a writ of habeas corpus. Respondent has made a motion to dismiss. The petition is quite lengthy and sometimes difficult to follow. However, from it may be gleaned the following: Petitioner at one time entered a plea of guilty to a charge of robbery unarmed and was sentenced to the State Prison of Southern Michigan at Jackson, Michigan. Following this sentence, he was discharged from custody on a writ of habeas corpus issued by Honorable Frank A. Picard, of this Court. The basis for such release was Judge Picard's finding that petitioner had been denied the right of counsel prior to his original plea of guilty. He was thereafter tried in the Circuit Court for Jackson County, Michigan; and at that trial, in which he was represented by counsel, he was convicted of the offense of armed robbery and was sentenced to prison. He is now serving the sentence imposed by the Circuit Judge of Jackson County.

This petitioner alleges many grounds for relief. Among other things, he claims he was convicted on false testimony, deliberately procured and offered by the prosecuting attorney. He charges that because of the inability, and possible lack of loyalty, of his counsel at the trial, he was, in effect, denied his constitutional right to counsel. He claims that because he was first sentenced on a plea of guilty for the offense of robbery unarmed, his later trial and conviction for robbery armed was, in effect, putting him in double jeopardy. There are other claims not necessary to detail.

This petitioner has, apparently, sought relief in the State Courts of Michigan through applications for writs of habeas corpus. These have been denied.

Respondent's motion to dismiss avers that petitioner has not exhausted his State remedies, and has not sought a new trial. The petitioner, on February 17, filed a new pleading to which is attached a copy of a pleading designated as a "Motion for New Trial". To this motion is attached a Notice of Hearing, indicating the intention of the law firm of Conlin, Conlin & Parker of Ann Arbor, Michigan, to present this motion for new trial for hearing before Honorable John Simpson, Circuit Judge for the County of Jackson, Michigan, on April 16, 1956. This latest pleading of petitioner does not, however, aver whether or not such a motion was ever filed or ruled upon by the Circuit Court for Jackson County.

This Court made independent inquiry and has learned that such a motion was, in fact, filed in the Jackson County Circuit Court, but has never been disposed of. As far as this Court can learn it has never been brought on for hearing.

Examination of this motion discloses that it does not rely on the same grounds for relief as are asserted in the instant application for writ of habeas corpus.

### Conclusions of Law.

Even though this Court's independent inquiry as to the status of the petitioner's motion for new trial in Jackson County be disregarded, the petition now before the Court, with its supporting papers, fails to aver that any motion for new trial was ever processed in Jackson County.

Section 2254, Title 28 United States Code, provides:

"An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

"An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented."

Petitioner may now desire to seek a new trial on the same grounds that he asserts as a basis for his instant application for writ of habeas corpus. He could file a new motion or amend the one still on file in Jackson County, and the trial judge there could exercise his discretion to grant a new trial without reference to the statutory limitation upon time for filing the same. People v. Burnstein, 261 Mich. 534, 246 N.W. 217; People v. Hurwich, 259 Mich. 361, 243 N.W. 230.

If the petitioner's motion for new trial now on file in Jackson County is processed, or a new motion therefor is made, a Circuit Judge would still have the right to grant a new trial.

"The court in which the trial of any indictment shall be had may grant a new trial to the defendant, for any cause for which by law a new trial may be granted, *or when it shall appear to the court that justice has not been done,* and on such terms or conditions as the court shall direct." M.S.A. § 28.1098, C.L.1948, § 770.1.

This petitioner has not exhausted the remedies available to him in the State Courts.

Now, therefore, it is ordered that the motion to dismiss may be, and it is, hereby granted; and said cause is hereby dismissed.