Harold J. Dailey, in pro. per.

## OPINION

KENT, Chief Judge.

**Harold J. DAILEY, a/k/a Hal Dailey, Plaintiff,**

v.

**Jesse BARROW, Defendant.**

**Harold J. DAILEY, a/k/a Hal Dailey, Plaintiff,**

v.

**Lorita JEWELL, Defendant.**

**Civ. A. Nos. 25, 26.**

United States District Court
W. D. Michigan, S. D.

Jan. 31, 1968.

In these actions the petitioner has filed an application for leave to proceed in forma pauperis as provided by Title 28 U.S.C.A. § 1915. Each of the actions is a civil action against a person who was a witness against the defendant when he was tried for and convicted of armed robbery in the Circuit Court for Branch County, Michigan. Each of the suits is instituted under Title 28 U.S. C.A. § 1331 and § 1343 and under the Civil Rights Act, 42 U.S.C.A. § 1983, § 1985 and § 1986.

In his "Judicial Allegations" the petitioner alleges in Paragraph 5 of each complaint that each defendant "was involved in a conspiracy * * * to falsely convict the plaintiff * * * of a crime plaintiff did not commit * * *". In each complaint the petitioner alleges that he has sustained damages in the

amount of $350,000 as a result of his incarceration in a penal institution.

As stated by the Court of Appeals for the Ninth Circuit in Hoffman v. Halden, 268 F.2d 280, 294 (1959):

"It is true that general conclusionary allegations unsupported by facts have consistently been rejected as insufficient to constitute a cause of action under the Civil Rights Act, Agnew v. City of Compton, supra, 9 Cir., 239 F.2d 226 at page 231.

"Various Circuits have rejected in civil rights cases, 'the mere allegations of conspiracy, fraud or malice;' and disregarded ' * * * as mere conclusions, the loose and general, the factually unsupported, characterizations of the complained of acts of the defendants, as malicious, conspiratorial, and done for the purpose of depriving plaintiffs of their constitutional rights * * * ' ". [McGuire v. Todd, 5 Cir., 1952, 198 F.2d 60, at page 63. Other footnotes omitted.]

It has also been said in Pritt v. Johnson, 264 F.Supp. 167, 170 (M.D.Pa.1967) in dismissing an action against a witness whose allegedly perjured testimony helped to convict the plaintiff. "Simply because she testified in the criminal case against plaintiff does not in any way cloak her with the authority of the state".

The allegations in each complaint are nothing more than conclusions and could not under any circumstances be classified as "facts which would entitle the plaintiff to relief". This Court would be unjust to the individual defendants if it granted petitioner leave to proceed in forma pauperis and might well cause lay persons to be reluctant to testify in criminal cases because of the possibility of being sued by a convicted felon after he is confined in a penal institution. Such a state of affairs would materially interfere with the administration of justice in criminal cases in this country.

As previously stated, the basis for each complaint is alleged damages from incarceration because of the conviction to which reference is made. This issue was before the Court of Appeals for the Sixth Circuit in Curtis v. Tower, 262 F. 2d 166 (1959), where the Court said at page 167:

"As the case now stands in this court, there is a judgment of conviction and sentence upon a verdict of a duly impaneled jury unimpeached by any adjudication in the courts of the State or in a District Court of the United States. Michigan's corrective process for reviewing judicial determinations in criminal cases is adequate. Whalen v. Frisbie, 6 Cir., 185 F.2d 607; Mahler v. Frisbie, 6 Cir., 193 F.2d 319, and Mulvey v. Jacques, 6 Cir., 199 F. 2d 300. Michigan law also permits a convicted defendant in a criminal case to file a delayed application for leave to appeal without limitation of time. People v. Hurwich, 259 Mich. 361, 243 N.W. 230; People v. Burnstein, 261 Mich. 534, 246 N.W. 217. The judgment of the State Court, if not vacated, corrected, or amended by the state reviewing courts, or set aside by the Federal Court for invasion of a federal constitutional right, must be accepted by us as in full force and effect unless it is vacated by a state or federal court for some invasion of federal constitutional right. No such adjudication is perceived of record or urged in brief or argument and there has been no appeal from the several judgments overruling petitions for writs of habeas corpus in the District Court. If the State Court judgment is valid, the appellant has not been injured and his complaint in the District Court sets forth no cause of action under the Civil Rights Act."

For the reasons herein stated petitioner's application for leave to proceed in forma pauperis may be and the same is hereby denied. An order will be entered accordingly.