## PEOPLE *v.* BOOKER T. SMITH

1. TRIAL—CRIMINAL LAW—EVIDENCE—EXTRAJUDICIAL STATEMENTS—
   EXCLUSION—PREJUDICIAL REFERENCES—APPEAL AND ERROR.
   Prosecutor's repeated references, in the presence of the jury, to
   an in-custody statement which defendant had made to police
   officers, after the trial court had ruled that defendant's state-
   ment was inadmissible, were prejudicial and constituted
   grounds for reversal.

2. TRIAL—CRIMINAL LAW—JURY—PREJUDICIAL STATEMENTS—FAIR
   TRIAL.
   Prosecutors and trial courts should take great care so that no
   statement is made in the presence of the jury which would
   jeopardize a defendant's right to a fair trial.

3. TRIAL—CRIMINAL LAW—EVIDENCE—EXCLUSION—PREJUDICIAL REF-
   ERENCES—JURY INSTRUCTIONS.
   Instructions to the jury that they were to disregard the extensive
   discussions in their presence between court and counsel regard-
   ing defendant's in-custody statement to police officers, where
   that statement had been excluded from evidence, were insuffi-
   cient to erase the damage done by the prosecutor's repeated
   references to, and inferences drawn from, that statement.

Appeal from Macomb, Howard R. Carroll, J.
Submitted Division 2 November 14, 1969, at Lansing.
(Docket No. 4,970.)   Decided January 26, 1970.

Booker T. Smith was convicted of armed rob-
bery.   Defendant appeals.   Reversed and re-
manded.

---

REFERENCE FOR POINTS IN HEADNOTES
[1–3] 53 Am Jur, Trial § 459.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *George N. Parris,* Prosecuting Attorney, *Thaddeus F. Hamera,* Chief Appellate Lawyer and *Stephen F. Osinski,* Assistant Prosecuting Attorney, for the people.

*Frank J. Starkey,* for defendant.

Before: J. H. Gillis, P. J., and McGregor and V. J. Brennan, JJ.

Per Curiam. Defendant was convicted by a jury of armed robbery, contrary to MCLA § 750.529 (Stat Ann 1969 Cum Supp § 28.797). He was arrested on December 20, 1965, and while in custody, made a statement to a police officer. During the course of his trial, the prosecution sought to introduce this statement. Defense counsel had made a timely demand for a copy of the written statement and/or admission of the defendant, and none was furnished to him. Timely trial objection to the introduction of this statement was made by defense counsel. The prosecution alleged that the rule then in effect, GCR 1963, 785.5 (376 Mich xlv),* precluded the need to furnish this statement, since it was neither a confession nor an admission. There ensued between the prosecutor, defense counsel, and the judge, in the presence of the jury, a long discussion

---

* GCR 1963, 785.5 (376 Mich xlv) was then in effect, but was repealed on June 8, 1967. It reads as follows: "At the time of arraignment on information or indictment, the prosecuting attorney shall give written notice to the defendant of any confession or admission which was obtained from the defendant by any government law enforcement officer or any person acting in cooperation with such officer and which the prosecuting attorney intends to use as evidence in the prosecution of the defendant. A copy of the notice shall be filed with the court. Defendant shall be entitled, on demand, to a verbatim copy of any written or recorded confession or admission listed in the notice. Defendant shall also be entitled, on demand, to a list of the witnesses to the making, execution, and acknowledgment of these statements."

(12 pages in the transcript), with incriminating innu-
endoes and implications as to the contents of the
statement.    The ultimate ruling was a denial of
the use of the statement, not based upon GCR
1963, 785.5, but apparently on the theory that the
prosecution had unjustifiably withheld the informa-
tion after a proper request by the defendant.    The
court, in making its determination, said in part,
quoting from *People* v. *Davis* (1884), 52 Mich
569, 573, 574:

"But surely the State has no such interest; its
interest is that accused parties shall be acquitted
unless upon all the facts they are seen to be guilty;
and if there shall be in the possession of any of its
officers information that can legitimately tend to
overthrow the case made for the prosecution, or to
show that it is unworthy of credence, the defense
should be given the benefit of it."

In the colloquy relative to the defendant's state-
ment, it was the prosecution's position that the
statement constituted a series of denials, and since
the rule only applied to confessions or admissions,
his statement was not encompassed by the rule then
in effect, GCR 1963, 785.5 (376 Mich xlv).    Inas-
much as defendant's statement is not in the record,
we are unable to determine if it is, in fact, a con-
fession, admission, or a flat denial.    We need not
categorize the statement in any area, as it is not
considered pertinent to our holding.    However, if
the statement was merely a flat denial, we can see no
purpose in attempting to get it before the jury, but
from the (12-page) discussion, it would appear that
the statement was probably more than a denial.

On appeal, defendant asserts that he was denied
a trial free of prejudicial error by the numerous
and repeated references made by the prosecuting
attorney, in the presence of the jury, relative to a

statement made by the defendant, which statement, after objections by defense counsel, was not allowed into evidence. We find that the repeated references to the excluded statement in the presence of the jury were prejudicial and constitute grounds for reversal.

The opinion of the court, in *People* v. *Burnstein* (1933), 261 Mich 534, 538, is appropriate here:

"Great care should be taken by prosecuting officers and trial courts that no statement be made in the presence of jurors which would jeopardize a defendant's right to a fair trial."

This was later referred to with approval in *People* v. *DeLano* (1947), 318 Mich 557. See also *People* v. *Brocato* (1969), 17 Mich App 277.

Although the trial court instructed the jury that they were to disregard the extensive discussions regarding the alleged statement of the defendant, this instruction could not erase the damage done by the prosecutor's references to, and inferences drawn from, the statement.

"There are some contexts in which the risk that the jury will not, or cannot, follow instructions is so great, and the consequences of failure so vital to the defendant, that the practical and human limitations of the jury system cannot be ignored." *Bruton* v. *U. S.* (1968), 391 US 123 (88 S Ct 1620, 20 L Ed 2d 476).

Reversed and remanded.