PEOPLE *v.* MAHLER.

1. CRIMINAL LAW—JURISDICTION OF PERSON OF DEFENDANT.
   Claim that Michigan court did not have jurisdiction to try defendant on charge of murder in the first degree because Michigan officers had abducted him from Indiana *held,* without merit, especially under record supporting trial court's finding that defendant came into this State voluntarily (CL 1948, § 750.316).

2. HOMICIDE—PLEA OF GUILTY—CORPUS DELICTI—SENTENCE.
   Imposition of sentence upon defendant's plea of guilty to charge of murder in the first degree without taking testimony to establish a *corpus delicti* was proper, especially where upon statutory examination of defendant incident to acceptance of plea the testimony was sufficient to establish the *corpus delicti* (CL 1948, §§ 750.316, 750.318).

3. CRIMINAL LAW—RIGHT TO COUNSEL—WAIVER OF JURY TRIAL—SPEEDY TRIAL.
   Constitutional rights of one charged with murder in the first degree *held,* to have been duly safeguarded where it appears he was of normal mentality and understanding, 27 years of age, had served 7 or 8 years in the armed forces of the United States, plea of guilty was voluntarily and understandingly entered, he detailed the crime in open court, was duly apprised of and understood his rights in the premises and understandingly waived his right to trial and representation by counsel, notwithstanding he was sentenced 3 hours after his arrest (CL 1948, § 750.316).

Appeal from Branch; Arch (Charles O.), J., presiding. Submitted June 15, 1950. (Docket No. 71, Calendar No. 44,687.) Decided December 5, 1950. Certiorari denied by Supreme Court of the United States March 12, 1951.

REFERENCES FOR POINTS IN HEADNOTES

[2, 3] 14 Am Jur, Criminal Law, § 269 *et seq.*
[2, 3] Duty of court as to admonishing defendant of consequences of his plea of guilty. 110 ALR 228.

William Mahler pleaded guilty to murder in the first degree. Application for new trial denied. Affirmed.

*James T. Sloan,* for appellant.

*Stephen J. Roth,* Attorney General, *Harold F. Bristol,* Prosecuting Attorney, and *Jack R. Sutherland,* Assistant Prosecuting Attorney, for the people.

DETHMERS, J. Defendant was convicted in 1935, upon a plea of guilty, of the crime of murder in the first degree.[*]    This is an appeal from the trial court's order of March 2, 1948, denying defendant's motion for new trial.

Defendant complains that he was brought into Michigan from the State of Indiana and subjected to the jurisdiction of the courts of this State by means of abduction by Michigan officers. Apparently his objection in this connection is intended to be directed to the jurisdiction of the court. It is without merit. *In re Little,* 129 Mich 454 (57 LRA 295); *In re Johnson,* 167 US 120 (17 S Ct 735, 42 L ed 103); *Lascelles* v. *Georgia,* 148 US 537 (13 S Ct 687, 37 L ed 549); *Ker* v. *Illinois,* 119 US 436 (7 S Ct 225, 30 L ed 421). Furthermore, the record amply supports the trial court's finding that defendant came into this State voluntarily.

Defendant charges as error the court's imposition of sentence upon defendant's plea of guilty without taking testimony to establish a *corpus delicti,* citing cases which hold a defendant's confession or admission of guilt inadmissible in evidence until the *corpus delicti* has been established. These cases, in point when a trial is had on the merits, have no application to the acceptance of a plea of guilty

---

[*] See CL 1948, § 750.316 (Stat Ann § 28.548).—REPORTER.

nor to the statutory proceedings thereafter for determination of the degree of the murder.* Not only is defendant's contention invalid in point of law, but, as it happens, the testimony taken in the mentioned statutory proceedings in this case would have been sufficient to establish the *corpus delicti.*

Defendant contends that he was denied a fair trial and due process, in support of which he says that he was made the victim of "speedy justice;" that he was not represented by counsel; that from the time of his arrest at 5:30 p.m. until his sentence at 8:30 p. m. of that same evening and his imprisonment in State prison the next morning he was never informed of his right to a trial by jury and to the assistance of counsel, at public expense if necessary, nor of the consequences of a plea of guilty; that he was held *incommunicado,* denied the right to call or contact friends, relatives or other help, offered leniency if he would plead guilty, threatened with a severe sentence if he should stand trial and, finally, beaten by the prosecuting attorney and sheriff until he agreed to plead guilty and signed a confession. It is to be observed that at the first hearing upon his motion for new trial in March of 1948, defendant testified at length but said nothing about promises, threats, physical abuse or other means of coercion having been employed to compel a confession and plea of guilty; all that seems to have been an afterthought to which he testified at the second hearing in June of 1949. These claims of force, threats, promises, and refusal of his request to contact outside help and the other claims of defendant above outlined, were all specifically denied under oath on the witness stand at the June, 1949, hearing by the 2 men who were prosecuting attorney and sheriff, respectively, in 1935. The prosecuting attorney and

---

* See CL 1948, § 750.318 (Stat Ann § 28.550).—Reporter.

the justice of the peace before whom defendant had been arraigned testified that they individually advised defendant that he was entitled to a trial and to be represented by an attorney, that they fully outlined the procedure involved in arraignments before the justice of the peace and the circuit court, and that defendant insisted that he did not want to stand trial, wished to plead guilty and desired to have his case disposed of that same evening. The prosecuting attorney testified that he advised defendant of his so-called constitutional rights and that he was not required to make any statement or confession whatsoever, but that when defendant was confronted with clothing belonging to him, which was bloodstained, he voluntarily related in detail how he had committed the murder. The record of proceedings had upon defendant's arraignment in circuit court discloses that defendant was advised by the court of his right to a trial by jury, apprised of the seriousness of the charge against him, informed of the consequences of his plea of guilty and cautioned that he need make no statement whatsoever, and that, nevertheless, he insisted on entering a plea of guilty and making a full and complete confession and admission of guilt, relating the full details of the crime in open court and stated that he desired that the case be disposed of forthwith.

The record leaves no doubt that defendant's plea of guilty was freely, voluntarily and understandingly entered. He was at that time 27 years of age, had served 7 or 8 years in the armed forces of the United States, and there is nothing to indicate that his mentality and understanding were other than normal. Although he was not represented by counsel and his case was disposed of within a matter of a very few hours, it affirmatively appears that he well knew and understood the seriousness of the charge against him, the consequences of his plea of

guilty and the implications of his statement in open court relating the details of the crime and that he was duly apprised of and understood his rights in the premises and, finally, that he understandingly waived his right to trial and representation by counsel. We note in passing that defendant's own testimony given on motion for new trial is in many instances self-contradictory and at every material point refuted by the testimony of others, amply warranting the trial court's disbelief of the defendant's entire story of alleged infringement of his constitutional rights and denial of due process. We think that defendant's rights were duly safeguarded and that there was no violation or invasion of them in any respect whatsoever.

Affirmed.

BOYLES, C. J., and REID, NORTH, BUTZEL, CARR, BUSHNELL, and SHARPE, JJ., concurred.