## MAHLER v. FRISBIE.

### No. 11509.

United States Court of Appeals
Sixth Circuit.

Dec. 5, 1951.

Wm. Mahler, in pro per.

Frank G. Millard, Edmund E. Shepherd, Lansing, Mich, for appellee.

Before HICKS, Chief Judge, and SIMONS and ALLEN, Circuit Judges.

SIMONS, Circuit Judge.

The petitioner was convicted in the Circuit Court for the County of Branch, Michigan, on the 10th of January, 1935, upon his plea of guilty to an information charging the murder of one Charles Good and a determination by statutory examination of witnesses that the crime was murder in the first degree. More than thirteen years later, he filed in the Circuit Court an application for leave to file a delayed motion for a new trial, including among other charges the claim that he had been kidnapped from Indiana and transported to Michigan. Upon denial of his motion, he appealed to the Michigan Supreme Court. On motion of the Solicitor General of the State, the cause was remanded and testimony was taken in support of and in opposition to his motion. His application was denied. The Supreme Court affirmed the judgment and orders of the trial court, People v. Mahler, 329 Mich. 155, 45 N.W.2d 14, certiorari denied 340 U.S. 949, 71 S.Ct. 529, 95 L.Ed. 684.

In April 1951, the petitioner filed in the District Court for the Eastern District of Michigan, Southern Division, his petition for writ of habeas corpus. A full hearing was had in support of and in opposition to the granting of a writ. The court made detailed findings of fact and conclusions of law, discharged the writ and ordered the petitioner remanded to the custody of the warden. On the 17th of October, 1951, the district court denied the petitioner's motion for certificate of probable cause. A petition is now here for such certificate.

In the meanwhile, towit, on May 28, 1951, we decided Collins v. Frisbie, 6 Cir., 189 F.2d 464, in which it was held that kidnapping, even by officers—state or federal—being in violation of the Federal Kidnapping Statute, 47 Stat. 326, as amended in 1934, 48 Stat. 781, 18 U.S.C. § 1201, jurisdiction thereafter was a denial of due process. The remedy applied was a remand, upon an appeal from the denial of a petition of a writ of habeas corpus, to the district court for a hearing upon the merits of the petition with direction for a determination thereon by the district judge after appropriate findings.

Here such findings have already been made. From them it appears that upon weighing conflicting testimony the Court found that the petitioner had voluntarily, without arrest or being charged with murder, accompanied the officers and other persons across the state line to Michigan. It was further found that the petitioner's story of the kidnapping was incredible, contradictory, and unworthy of belief. Other grounds for the issue of the writ were found equally untenable, as they were by the Circuit Court for Branch County and

by the Supreme Court of Michigan. Collins v. Frisbie is of no avail to the petitioner for the hearing and determination there directed have already been made with the results indicated.

█ The corrective processes provided for an illegal conviction furnished by the law of Michigan have in this court been held to be adequate, Whalen v. Frisbie, Warden, 6 Cir., 185 F.2d 607. They were all availed of by the present petitioner. He had confessed to the crime; the hearing as to its degree was complete; and the alleged invasions of his constitutional rights were carefully considered both by the Michigan courts and the district judge.

The petition for certificate of probable cause is denied.

█ While a petition for a certificate of probable cause is addressed to a single Circuit Judge under 28 U.S.C. § 2253, this petition for leave to appeal in forma pauperis is addressed to the Court. The petition for the certificate having herein been denied and no appeal is, therefore, here pending, the petition to proceed in forma pauperis is

Dismissed.