PEOPLE *v.* MARTIN

1. Cʀɪᴍɪɴᴀʟ Lᴀᴡ—Jᴜʀɪsᴅɪᴄᴛɪᴏɴ—Exᴛʀᴀᴅɪᴛɪᴏɴ—Wᴀɪᴠᴇʀ.

Trial court properly had jurisdiction where defendant was arrested in another state and signed a waiver of extradition without following statutory procedure, because the securing of the waiver, believed by all parties to be in good faith and *bona fide,* removed any taint of prejudicial error and the statutory procedure regarding extradition would have been superfluous.

2. Cʀɪᴍɪɴᴀʟ Lᴀᴡ—Dᴇғᴇɴsᴇs—Iɴsᴀɴɪᴛʏ—Rɪɢʜᴛ-Wʀᴏɴɢ—Iʀʀᴇsɪs-ᴛɪʙʟᴇ Iᴍᴘᴜʟsᴇ.

An accused is not responsible for his criminal acts if, by reason of disease, he is not capable of knowing he was doing wrong in committing a criminal act, or if he did not have the power to resist the impulse to do that act by reason of disease or insanity.

Appeal from Kent, George V. Boucher, J. Submitted Division 3 October 16, 1970, at Marquette. (Docket Nos. 7697, 7698.) Decided December 9, 1970. Leave to appeal granted March 5, 1971. 384 Mich 811.

Charles Ronald Martin was convicted of first-degree murder. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *James K. Miller,* Prosecuting Attorney, and *Donald A. Johnston, III,* Chief Appellate Attorney, for the people.

---

Rᴇғᴇʀᴇɴᴄᴇs ғᴏʀ Pᴏɪɴᴛs ɪɴ Hᴇᴀᴅɴᴏᴛᴇs

[1] 21 Am Jur 2d, Criminal Law §§ 381, 382.
[2] 21 Am Jur 2d, Criminal Law §§ 36–39.
Irresistible impulse as excuse for crime. 173 ALR 391.

*Cholette, Perkins & Buchanan (Richard D. Ward,* of counsel), for defendant on appeal.

Before: Fitzgerald, P. J., and McGregor and O'Hara,* JJ.

Per Curiam. Defendant-appellant Charles Martin was charged with and convicted of first-degree murder.[1] The facts leading to this conviction evolve as follows: On March 2, 1969, during the course of a robbery, defendant shot and killed two attendants at a gas station located in the City of Walker in Kent County.

Following the shooting, defendant fled the scene of the crime and drove south out of Michigan. Pursuing a radio dispatch describing the crime, the Indiana State Police arrested defendant near La-Porte, Indiana. Shortly thereafter, two Michigan State Policemen arrived and had defendant sign a waiver of extradition and returned him to Michigan. A warrant was then prepared charging defendant with the double homicide.

The case proceeded to trial on April 14, 1969, and the sole issue before the court was the defense of insanity. The court, sitting without a jury, determined that defendant could distinguish right from wrong in accordance with the *M'Naghten* rule. Subsequently, the court found defendant guilty of first-degree murder.

On appeal, defendant contends that the trial court lacked jurisdiction because the police failed to follow traditional extradition procedure in returning defendant to Michigan. While a waiver of extradition

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

[1] MCLA § 750.316 (Stat Ann 1954 Rev § 28.548).

pursuant to MCLA § 780.25 (Stat Ann 1954 Rev § 28.1285[25]) requires execution before a judge, such procedure was superfluous in the present case. Many cases have upheld a state's jurisdiction when a criminal had been physically abducted into the jurisdiction. *Ker* v. *Illinois* (1886), 119 US 436 (7 S Ct 225, 30 L Ed 421); *Frisbie* v. *Collins* (1952), 342 US 519 (72 S Ct 509, 96 L Ed 541); *People* v. *Mahler* (1950), 329 Mich 155. Abduction is not in issue here and the securing of a waiver, believed by all parties to be in good faith and *bona fide,* removes any taint of prejudicial error.

The circuit court in Kent County properly had jurisdiction.

As a second issue for appeal, defendant contends that it was improper for the trial court to use the *M'Naghten* standard for insanity rather than the standard set forth in *Durham* v. *United States* (1954), 94 App DC 228 (214 F2d 862, 45 ALR2d 1430). This court has consistently adopted the *M'Naghten* right-wrong rule plus "irresistible impulse" as the insanity test. The present test was established in *People* v. *Durfee* (1886), 62 Mich 487. Recent cases have consistently followed this theory. *People* v. *Cole* (1967), 8 Mich App 250; *People* v. *Morris* (1968), 10 Mich App 526; *People* v. *Markham* (1969), 19 Mich App 616. The trial court properly applied the test for insanity as followed in Michigan and a re-examination thereof does not appear in order.

Defendant also raises a number of issues claiming procedural error on the part of the trial court. None of these issues demonstrates any prejudicial error.

We find no reversible error and affirm the decision of the trial court.

Affirmed.