Ottis Mayo JONES, Plaintiff-Appellant,

v.

Gertrude BALES et al., Defendants-Appellees.

No. 72–3333.

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Feb. 21, 1973.

Ottis Mayo Jones, pro se.

Gertrude Bales, pro se.

Louis C. Woolf, Knoxville, Tenn., and John E. Dougherty, Atlanta, Ga., for Cheatham and Waggoner.

John W. Stokes, Jr., U. S. Atty., and Beverly B. Bates, Asst. U. S. Atty., Atlanta, Ga., for Kirksey and Taylor.

Before GEWIN, COLEMAN and MORGAN, Circuit Judges.

PER CURIAM:

The judgment of the district court is affirmed on the basis of the reasons stated and authorities cited in the final order, Jones v. Bales, N.D.Ga.1972, 58 F.R.D. 453.

Yale SIMONS, Plaintiff,

v.

UNITED STATES of America, Defendant.

No. 71–2263.

United States Court of Appeals,
Ninth Circuit.

July 19, 1973.

A. Alexander Katz, Phoenix, Ariz. (argued), for plaintiff.

Michael B. Scott (argued), William C. Smitherman, U. S. Atty., N. Warner Lee,

Asst. U. S. Atty., Phoenix, Ariz., for defendant.

Sheldon Mitchell, American Civil Liberties Union, Phoenix, Ariz., for amicus curiae.

OPINION

Before CARTER and HUFSTEDLER, Circuit Judges, and PREGERSON,* District Judge.

JAMES M. CARTER, Circuit Judge (dissenting):

The majority has made the following order:

"The cause is remanded to the district court for the limited purpose of its answering the following question:

"In dismissing the 'petition' for lack of jurisdiction, did the court deem the 'petition' theretofore amended to state a claim under the Tucker Act (28 U.S.C. § 1346(a)(2)), as requested by petitioner-plaintiff in his memorandum filed March 17, 1971?"

The order is an exercise in futility. The majority is apparently intrigued by the prospect of a constitutional attack on the present statutes governing forfeiture of automobiles.

The appellant filed in the United States District Court a "petition" for a remission of forfeiture of an automobile. The United States was named as respondent. Appellant was not a party to the security agreement on the car but was an accommodation endorser of a promissory note. Later, after paying off the note, he claimed to be subrogated to the title to the car.

The district court, on the Government's motion, dismissed the action for lack of jurisdiction.

The petitioner in a reply memorandum in the district court had requested the pleading be amended to show reliance on the Tucker Act, 28 U.S.C. § 1346(a)(2). No motion, as such, was made to amend

---

* Rule 18, 5 Cir.; Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

* Honorable Harry Pregerson, United States District Judge, Central District of California, sitting by designation.