**Enoch DICKINSON, Jr., individually, and on behalf of others similarly situated as a Class, Plaintiffs,**

v.

**Jim FRENCH et al., Defendants.**

**Civ. A. No. 76–166P.**

United States District Court,
S. D. Alabama, S. D.

June 9, 1976.

Enoch Dickinson, Jr., pro se.

No appearance for defendants.

## OPINION

**DANIEL HOLCOMBE THOMAS**, Senior District Judge.

This civil rights action brought pursuant to 42 U.S.C. §§ 1983, 1985(2), (3)[1] is before the Court on motions to proceed as a class, for leave to proceed in forma pauperis and on an affidavit of recuse[2] filed by the plaintiff, Enoch Dickinson, Jr., individually and on behalf of others similarly situated as a class.[3] In the above-styled action, Dickinson brings suit against a federal marshal, a federal deputy marshal, a federal district judge and two private citizens, alleging that a "conspiracy" existed between the defendants giving rise to this cause of action.

The facts surrounding this suit may be briefly capsulated as follows: On November 23, 1973, Dickinson was found guilty of ten counts of mail fraud in violation of 18 U.S.C. § 1341 and was sentenced to imprisonment for a period of five years on each count to run concurrently.[4] The conviction was affirmed on appeal in *United States v. Dickinson,* 496 F.2d 876 (C.A. 5 1974). Presently, Dickinson is incarcerated in the United States Penitentiary in Leavenworth, Kansas. As a result of his conviction Dickinson has instituted this law suit against the defendants.

In paragraph 11 of the "statement of the facts" Dickinson asserts that Jim French, a United States Marshal, Frank Daffin, Deputy United States Marshal and Virgil Pittman, United States District Judge "devised a scheme which created an environmental atmosphere of bias and prejudice by creating the conditions which existed during plaintiff's trial in November of 1973." Plaintiff further asserts that "said scheme caused the jury people and prosecution witnesses to become intimately associated with each other, and allowing the jury people to obtain knowledge of the facts in the trials before the trials ever began. . . ." In paragraph 12 of the "Statement of the Facts" Dickinson alleges that witnesses Robert L. Bulger and Harry M. Oakley "while waiting in the courtroom and hallways to discuss the merits of the plaintiffs trials in the presence of the jury people, and knowing that they were prosecuting witnesses and knowing that the jury people were to serve on the trials of the plaintiffs, and such action created bias and prejudice in the jury people (sic) minds. . . ." Dickinson alleges that he and other members of the class have sustained damages in the amount of $20,000.00 for loss of employment and $1,000,000.00 for illegal imprisonment.[5]

---

1. Plaintiff's complaint further alleges jurisdiction under 28 U.S.C. § 1361; 18 U.S.C. § 4086; 28 U.S.C. § 2241(c)(1),(2)(3); 28 U.S.C. §§ 2201, 2202; 28 U.S.C. § 2401; 28 U.S.C. § 1343(1), (2), (4) and 28 U.S.C. § 1331.

2. In his affidavit for recuse, Dickinson seeks to have Chief Judge Virgil Pittman and District Judge Brevard Hand recuse themselves from consideration of this complaint. On April 5, 1976, by agreement of Judges Pittman and Hand, the above-styled cause was assigned to the docket of Judge Daniel H. Thomas thereby rendering resolution of the plaintiff's motion unnecessary.

3. Named in the motion to proceed as a class are "Noble Beasely, Willie James and all others who were summoned to court for a criminal trial during the month of November 1973 as a class, convicted and sentenced to the custody of the Attorney General of the United States."

4. During the trial the defendant was found guilty of criminal contempt for misbehavior in the courtroom for which he received three consecutive sentences of imprisonment of two weeks, one month and one month respectively.

5. Among other things the plaintiffs claim "permanent damages in the amount of $50.00 per week for the remainder of plaintiffs' lives to compensate for the lingering injustice plaintiffs shall suffer as a consequence of the illegal imprisonment. Moreover, the plaintiffs seek this Court to enter an order granting:
 (1) A declaratory judgment that all of the plaintiffs convictions are illegal;
 (2) A declaratory judgment that the defendants acts, practices, policies of conducting criminal trials in the type of situation described in this complaint was unconstitutional.
 (3) A permanent injunction which prohibits the defendants, their successors in office, agents and employees, and all other persons in active concert and participation with them from enforcing the illegal judgments of the convictions against all plaintiffs.
 (4) An order to compel defendants, their agents and all other persons acting with them directly and indirectly or on their behalf to

■ In initiating this civil action, Dickinson has filed an application to proceed in forma pauperis as provided by 28 U.S.C. § 1915. Admittedly, Section 1915(a) of Title 28 permits the commencement of a civil action without the prepayment of fees and costs of security thereof "by a person who makes affidavit that he is unable to pay such costs or give security therefor. . ." However, the Court has broad discretion to consider the separate question, under 28 U.S.C. § 1915(d) whether the complaint should be dismissed as "frivolous or malicious." Section 1915(d) provides:

The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, *or is satisfied that the action is frivolous or malicious.* (Emphasis added)

Accordingly, under Section 1915(d), the Court may dismiss an in forma pauperis action "if satisfied that the action is frivolous or malicious." Moreover, a dismissal under that section is appropriate when the plaintiff is engaged in repetitive litigation concerning issues already determined, *Duhart v. Carlson,* 469 F.2d 471, 473 (C.A. 10 1972), cert. denied, 410 U.S. 958, 93 S.Ct. 1431, 35 L.Ed.2d 1692 (1973), and when the allegations of the complaint are beyond credulity. *Jones v. Bales,* 58 F.R.D. 453, 463–464 (N.D.Ga.1972), aff'd 480 F.2d 805 (C.A. 5 1973).

■ The plaintiff and his complaints are no strangers to this Court.[6] Moreover, upon reviewing a number of complaints filed by the plaintiff in other federal district courts throughout the country, it appears without contradiction that Dickinson has instituted a practice of filing civil suits against the prosecution witnesses who testified at his trial in November of 1973.[7]

carry out their duty of correcting the injustice described herein."

**6.** Dickinson has been and continues to be an avid litigator. Of the total of thirty docketed cases filed thus far, of which one is still pending, the plaintiff has apparently never been successful in a case in which he was opposed. Plaintiff's lack of success is relevant to consideration of his chances of ultimate success in the case at bar. *See Cruz v. Beto,* 405 U.S. 319, 329, 92 S.Ct. 1079, 31 L.Ed.2d 263 (1972) (Rehnquist, J., dissenting).

In the federal district court for the Southern District of Alabama, Dickinson has filed the following Civil Actions: C.A. 76–166–P, C.A. 75–113–P, C.A. 75–63–P, C.A. 75–62–P, C.A. 74–547–P, C.A. 74–278–P, C.A. 74–184–P, C.A. 74–55–H, C.A. 74–1–P, C.A. 6977–72–P, C.A. 6825–71–P, C.A. 6771–71–P, C.A. 6596–71–P, C.A. 6562–71–P, C.A. 6471–71–T, C.A. 6447–71–P, C.A. 6210–70–P, C.A. 6111–70–P, C.A. 5677–69, C.A. 5650–69, C.A. 5419–69, C.A. 5796–69, C.A. 5303–69, C.A. 5132–68–P, C.A. 5090–68–P, C.A. 4990–68–P, C.A. 4768–67–P, C.A. 4721–67–P, C.A. 4561–67, C.A. 4470–67, C.A. 3534–64.

**7.** Having examined the list of prosecution witnesses that testified in the Dickinson trial there can be no dispute that the plaintiff has initiated a series of law suits against the prosecution witnesses and their employers. Set forth are docketed civil actions filed by the plaintiff in federal district courts which have come about as a result of Dickinson's mail fraud conviction:

(a) *Enoch Dickinson, Jr. v. Harry & David (R. L. Bulger),* Civil Action No. 74–357 (D.Oregon). Order of dismissal with prejudice was entered against the plaintiff on April 3, 1975.

(b) *Enoch Dickinson, Jr. v. Rainforest Products Co. (William L. Hurst),* Civil Action No. 74–356 (D.Oregon). Order of dismissal with prejudice filed on April 3, 1975, and entered against the plaintiff on April 7, 1975.

(c) *Enoch Dickinson, Jr. v. Hillcrest Publications Division of Hale Enterprises (Kenneth S. Hale),* Civil Action No. 74–98–Y (N.D.Ohio, Youngstown Div.). Order entered March 13, 1975, granting plaintiff's motion for voluntary dismissal.

(d) *Enoch Dickinson, Jr. v. Seth & Jud (Edward DuVall),* Civil Action No. 74–1289–T (D.Mass.). Pending

(e) *Enoch Dickinson, Jr. v. Gerard F. Parent and William L. Roane,* Civil Action No. 75–730–AM (E.D.Va., Alexandria Div.). Order entered October 30, 1975, granting plaintiff's motion for voluntary dismissal.

(f) *Enoch Dickinson, Jr. v. Sports Marine Products Co. (Albert Oldham),* Civil Action No. 74–50 (N.D.Fla.). Transferred to S.D.Fla. June 4, 1974, as Civil Action No. C–74–743–CIV JLK (S.D.Fla.). Order entered January 20, 1975, granting plaintiff's motion for voluntary dismissal.

(g) *Enoch Dickinson, Jr. v. Oakley Specialties (Harry M. Oakley),* Civil Action No. 74–71373 (E.D.Mich.). Order entered January 24, 1975, dismissing the action on motion of the plaintiff.

(h) *Enoch Dickinson, Jr. v. Sports Marine Products, by and through their agents, Albert Oldham, James B. Stice and Wanda Sells,* Civil Action No. 75–C–1668 (N.D.Ill.). Order en-

■ Although pro se pleadings must be liberally read, especially in the context of civil rights suits, the Court is of the opinion that a determination must be made at this juncture whether the claim made by Dickinson is patently frivolous. Notwithstanding the relax standards for pro se pleadings where the allegations contained in the plaintiff's complaint are nothing more than conclusions and could not under any circumstances be classified as "facts" which would entitle the plaintiff to relief, the Court may properly dismiss the complaint. *Dailey v. Barrow*, 280 F.Supp. 187, 188 (W.D.Mich., 1968); *See McGuire v. Todd*, 198 F.2d 60, 63 (C.A. 5 1952).

■ In *Jones v. Bales*, 58 F.R.D. 453 (N.D.Ga.1972) aff'd 480 F.2d 805 (C.A. 5 1973), a convicted felon brought a civil rights action for damages. The court in dismissing the action as frivolous under 28 U.S.C. § 1915(d) stated:

There are compelling reasons for allowing courts broader dismissal powers in forma pauperis suits—especially damage suits brought by convicted prisoners—than in other cases. Persons proceeding in forma pauperis are immune from imposition of costs if they are unsuccessful; and because of their poverty, they are practically immune from later tort actions for 'malicious prosecution' or abuse of process. Thus indigents, unlike other litigants, approach the courts in a context where they have nothing to loose and everything to gain. The temptation to file complaints that contain facts which cannot be proved is obviously stronger in such a situation. For convicted prisoners

with much idle time and free paper, ink, law books, and mailing privileges the temptation is especially strong.

Id. at 463.

■ As previously stated, plaintiff seeks damages and injunctive relief against a federal judge, two federal marshals and two lay witnesses. It is well settled that a judge, one of the named defendants in this action, is properly cloaked with judicial immunity. *Pierson v. Ray*, 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed. 288 (1967), *Bradley v. Fisher*, 13 Wall. 335, 20 L.Ed. 646 (1871).[8] Accordingly, the plaintiff is barred from suing the above-named defendant on the matters complained of herein. Moreover, plaintiff asserts a cause of action under 42 U.S.C. §§ 1985, 1986 against a federal marshal and federal deputy marshal. It has been held that Sections 1985 and 1986 of Title 42 do not allow relief against the actions of federal officers acting under color of federal law. *Williams v. Halperin*, 360 F.Supp. 554, 556 (S.D.N.Y.1973).

▪ ■ Plaintiff in alleging a conspiracy to deprive him of equal protection of the law seeks to invoke 42 U.S.C. § 1985(3) which provides a right of action for damages. However, in order to come within this statute, plaintiff should allege "facts amounting to intentional and purposeful discrimination to the plaintiffs individually or as members of a class." *Norton v. McShane*, 332 F.2d 855, 863 (C.A. 5 1964). Applying this standard to the complaint *sub judice*, the Court is of the opinion that the complaint fails to state a claim under 42 U.S.C. § 1985(3), in that plaintiff has failed to

---

tered October 16, 1975, dismissing the plaintiff's complaint.

(i) *Enoch Dickinson, Jr. v. Earthquake City Music Co.*, Civil Action No. 74-0770 (N.D.Cal.). Order entered July 12, 1974, dismissing complaint and denying plaintiff leave to proceed in forma pauperis.

(j) *Enoch Dickinson, Jr. v. R. E. Sheldon (Greenland Studios)*, Civil Action No. 74-333 (S.D.Fla.). Order entered May 31, 1974, dismissing complaint.

(k) *Enoch Dickinson, Jr. v. James E. Wiggins*, Civil Action No. 74-332-A (N.D.Ga.). Order entered February 27, 1974, dismissing complaint.

(*l*) *Enoch Dickinson, Jr. v. Attorney General of the United States*, Civil Action No. 75-1308-A (N.D.Ga., Atlanta Div.). Judgment entered in favor of respondents December 11, 1975.

(m) *Enoch Dickinson, Jr. v. The Lamp Crafters*, Civil Action No. not assigned (N.D.Ga.). Order entered May 23, 1974, denying plaintiff's motion to proceed in forma pauperis.

8. The immunity of a judge for acts within his jurisdiction has roots extending to the earliest days of the common law. *See Floyd v. Barker*, 13 Coke 23 (1608); *Yates v. Lansing*, 5 Johns. 282 (N.Y.1810).

allege any facts that would show that the alleged conspirators were motivated by a racial or otherwise class-based discriminatory animus. Accordingly, the Court concludes that the necessary elements for a cause of action under 42 U.S.C. § 1985(3) are lacking.

Finally, as to the plaintiff's claim against the defendant lay witnesses. As previously stated, this Court is aware of the factual background as to the plaintiff's claim. Dickinson has unsuccessfully filed civil actions against these two defendants in other federal courts.[9] In addition, the plaintiff has filed a series of complaints against prosecution witnesses who testified at his trial in November of 1973. Besides the civil actions against defendants Oakley and Bulger in this court and in other federal district courts, Dickinson has instituted suits against the following witnesses and/or their employers: William L. Hurst (Rainforest Products Co.), Kenneth S. Hale (Hillcrest Publications), Edward Duvall (Seth & Jud), Albert Oldham, James B. Stice, Wanda Sells (Sports Marine Products Co.), R. E. Shelton (Greenland Studios). Moreover, the plaintiff has brought civil actions against two government witnesses, William L. Roane and Gerard S. Parent who testified at his trial and even filed suit against an Alabama state employee, James E. Wiggins, who notarized a document which was used against the plaintiff during his trial.[10] Dickinson has not only sued the above-named individuals in the federal district courts where they reside, but has continually named these same witnesses in civil actions initiated in other federal courts throughout the country.

 After careful consideration of the plaintiff's claim, the Court is of the opinion that dismissal under 28 U.S.C. § 1915(d) is appropriate. To continually allow a convicted felon to file complaint after complaint against prosecution witnesses, who must then seek legal assistance

at their own expense, could well cause lay witnesses to be reluctant to testify in criminal cases because of the real possibility of having to defend law suits brought by a convicted felon after that person is confined to a penal institution. Witnesses must be permitted to testify without fear of being sued or having to defend civil damage suits. In the instant case, witnesses Oakley and Bulger testified for the government in Dickinson's trial for mail fraud. Shortly thereafter, these witnesses were sued by Dickinson. Although these actions were dismissed the defendants, especially Oakley, incurred considerable legal expenses. Subsequently, defendants Oakley and Bulger are sued in this court and their names continue to appear in other complaints that the plaintiff has filed. The Court is of the opinion that repeated suits brought by a felon, such as Dickinson, against lay witnesses could eventually lead to a material interference with the administration of justice in criminal cases in this country.

Accordingly, this Court after considering the plaintiff's pleadings, and in order to spare the defendant lay witnesses the continued expense and inconvenience of answering a frivolous complaint, ORDERS that the complaint be, and hereby is, DISMISSED pursuant to 28 U.S.C. § 1915(d), prior to the issuance of process. It is FURTHER ORDERED, ADJUDGED and DECREED that each and every claim is dismissed as to the defendants, Jim French, Frank Daffin, Virgil Pittman, Robert L. Bulger and Harry M. Oakley. Having DENIED plaintiff's motion to proceed in forma pauperis, resolution of the motion to proceed as a class is rendered unnecessary.

---

9. *Enoch Dickinson, Jr. v. Harry & David (R. L. Bulger)*, C.A. No. 74–357 (D.Oregon); *Enoch Dickinson, Jr. v. Oakley Specialities (Harry M. Oakley)*, C.A. No. 74–71373 (E.D.Mich.).

10. *See* note 7 *supra*.