**Thais HARRIS, for herself, her heirs, her estate, and for her mother Flora May Lovell (Harris) Deceased, Plaintiff-Appellant,**

**v.**

**UNITED STATES DEPART- MENT OF JUSTICE, et al., Defendants-Appellees.**

**No. 81–2456**

**Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

July 23, 1982.

Rehearing and Rehearing En Banc Denied Sept. 2, 1982.

Thais Harris, pro se.

George Nachtigall, Asst. U. S. Atty., Houston, Tex., for defendants-appellees.

Before BROWN, POLITZ and WILLIAMS, Circuit Judges.

PER CURIAM:

Appellant Thais Harris, acting pro se, filed suit for damages and injunctive relief against various federal, state, and local government agencies and officials, and her sister.[1] Appellant alleges violations of her civil and constitutional rights by the defendants which resulted in pecuniary loss, physical injury, mental anguish and political damage to her. Jurisdiction is predicated upon various constitutional[2] and statutory[3] provisions, and diversity of citizenship.[4] The District Court denied appellant's motion to proceed in forma pauperis due to the perplexing state of her thirty-six page complaint and because of her utter failure to conform to the most elemental provisions of F.R.Civ.P. 8.[5] Accordingly, and without hesitation or timidity, we affirm.

## I.

As far as we have been able to determine, appellant asserts six claims against the twenty-five named defendants. First, Harris protests the revocation of her deceased mother's citizenship which occurred when the latter married a foreign born, non-citizen male circa 1915.[6] Second, appellant alleges that "the government" has deprived "the Caucasian race or certain of its members ... of basic rights under law" by conferring favored status and special privileges ... on racial and religious groups." Third, Harris avers "discrimination against Caucasian Protestant Christians" because the immigration laws and the use of federal tax dollars have increased the number "of non-Caucasian, non-Protestant Christian and non-Christian residents of the United States. ... " Appellant next asserts a claim against federal, state and local government officials and agencies for a failure to control the contamination caused by certain chemical and oil refining plants located near her home in southeast Houston. Appellant's fifth claim is purportedly based upon certain civil rights laws.[7] She alleges that her sister and various other city of Houston officials conspired to deprive her of her "basic rights." The clearest of appellant's claims on appeal is the final one—an appeal of the District Court's deni-

1. The various defendants are the United States Department of Justice; William French Smith, U. S. Attorney General; Benjamin R. Civiletti, Griffin Bell, former U. S. Attorneys General; the United States Immigration and Naturalization Service; [current], Commissioner of the INS; Leonel Castillo, former Commissioner of the INS; the United States Department of Housing and Urban Development; Samuel R. Pierce, Secretary of HUD; Patricia Roberts Harris, former Secretary of HUD; Leo Garrett, Director of Community Planning and Development, Regional HUD (Dallas); the United States Environmental Protection Agency, Anne M. Gorsuch, Director of the EPA; Douglas Costle, William Ruckelshaus, Russell Train, former Directors of the EPA, Adlene Harrison, former Regional Director of the EPA (Dallas); the City of Houston, Harris County, Texas; Jim McConn, Fred Hofheinz, Louie Welch, former Mayors of Houston; Edwin Robert Becnel, Director of City of Houston, Texas Department of Community Development; John Castillo, former Director of City of Houston, Texas Department of Community Development; Wesley H. Baines, present or retired Inspector of City of Houston Public Works Department; and Doris Harris, appellant's sister.

2. Appellant invokes jurisdiction under the Constitution citing "violations" of its Preamble, Article IV, Section 4, the First, Fourth, Fifth, Ninth, Thirteenth, and Fourteenth Amendments.

3. 8 U.S.C. §§ 1182–1183, § 1423 (Immigration and Naturalization Laws), 42 U.S.C. § 1973 *et seq.* (Voting Rights Act), 42 U.S.C. §§ 1981–1985 (Civil Rights Laws), 42 U.S.C. § 5301 *et seq.* (Community Development and Housing Laws), 42 U.S.C. § 7401 *et seq.* (Clean Air Laws).

4. 28 U.S.C. § 1332 (diversity of citizenship).

5. Although the District Judge did not identify exactly which provision of Rule 8 appellant violated, it is clearly reasonable to infer that the complaint is defective because it does not set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." F.R.Civ.P. 8(a)(2). None of appellant's averments in her pleadings is "simple, concise and direct".

6. The statute under which appellant's deceased mother is alleged to have lost her U. S. citizenship has been repealed and is superseded by 8 U.S.C. § 1435.

7. *See* note 2–3 *supra.*

al of her motion to proceed in forma pauperis.

 This Court has previously held that a District Court may dismiss without prejudice a pro se litigant's complaint if it is frivolous or malicious. *Mitchell v. Beaubouef*, 581 F.2d 412, 416 (5th Cir. 1978), *cert. denied*, 441 U.S. 966, 99 S.Ct. 2416, 60 L.Ed.2d 1072 (1979). The two stage procedure that has been adopted in this Circuit for processing prisoner pro se complaints filed in forma pauperis has full application in the present context for it gives adequate protection to those not represented by attorneys and comports with the explicit provisions of 28 U.S.C. § 1915. The District Court first decides whether the litigant meets the economic requirements to proceed in forma pauperis. Then, pursuant to § 1915(d), the Court may dismiss the complaint if, upon giving it the liberal reading traditionally granted pro se complaints, *Haines v. Kerner*, 404 U.S. 519, 520–21, 92 S.Ct. 594, 595–96, 30 L.Ed.2d 652 (1972), it determines that it is unmeritorious, frivolous or malicious. *Woodall v. Foti*, 648 F.2d 268, 271 (5th Cir. 1981); *Watson v. Ault*, 525 F.2d 886 (5th Cir. 1976).·

In this case the District Court denied Harris leave to proceed in forma pauperis because her complaint presented a wide variety of confused and confusing claims which violated Rule 8 of F.R.Civ.P. We have given the most liberal reading of Harris' complaint and put forth sustained efforts at reading her brief on appeal and yet comprehension of both is beyond our grasp. We are mindful of the rule that an in forma pauperis appeal must not be disallowed unless the issues raised are so frivolous that it would be dismissed even if the litigant had financed the appeal himself. *Ellis v. United States*, 356 U.S. 674, 78 S.Ct. 974, 2 L.Ed.2d 1060 (1958); *Coppedge v. United States*, 369 U.S. 438, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962). The issues Harris raises are plainly frivolous; consequently, the District Court was not in error by denying her leave to proceed in ·forma pauperis. We will thus treat this denial as a dismissal without prejudice for it plainly appears that

Harris can "prove no set of facts in support of [her claims] which would entitle [her] to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). As did the District Court, we have labored in vain to find merit amidst the frivolity in appellant's complaint. That Court's judgment is therefore

AFFIRMED.