**Frank HANNER, Jr., Plaintiff,**

v.

**The UNITED STATES GOVERNMENT; Honorable Tom S. Lee; Honorable Henry T. Wingate; Honorable John R. Countiss, III; Honorable Clarence A. Pierce; Honorable Dan M. Russell; Honorable William H. Barbour; and, Donald A. Cabana, Defendants.**

**Misc. No. 86–165.**

United States District Court, S.D. Mississippi, S.D.

Nov. 25, 1986.

---

**19.** Massey Deposition, pp. 45–46 and 82–84.

Frank Hanner, Jr., pro se.

### ORDER

GEX, District Judge.

This matter is before the Court on Plaintiff's objection to the Magistrate's findings wherein Plaintiff's request to proceed *in forma pauperis* was denied, and the Court, having reviewed the record, finds as follows, to-wit:

 Frank Hanner, Jr., filed a Section 1983 Complaint naming four (4) United States District Judges, a United States Magistrate, the Clerk of the United States District Court for the Southern District of Mississippi, and the Superintendent of Corrections at Parchman, Mississippi, as Defendants. It has long been established that judicial officers are entitled to absolute immunity under Section 1983 for acts carried out within the scope of their judicial duties. Thus, as to the four (4) district judges and the magistrate, Plaintiff's complaint is frivolous. *McCoy v. Gordon*, 709 F.2d 1060, 1062, (5th Cir.1983); *Dickinson v. French*, 416 F.Supp. 429, 433 (S.D.Ala.1976). As to the District Court Clerk, the Court finds that, as quasi-judicial immunity is extended to those servants and agents who facilitate the judicial process, Plaintiff's Complaint is equally frivolous with respect to Defendant Clarence A. Pierce. *Wiggins v. New Mexico State Supreme Court Clerk*, 664 F.2d 812, 815 (10th Cir.1981); *cert. denied* 459 U.S. 840, 103 S.Ct. 90, 74 L.Ed.2d 83 (1982). Finally, Donald A. Cabana is a named defendant. This Court has closely examined the allegations set forth in the Complaint and finds them vague and conclusive and therefore frivolous on their face. The Fifth Circuit has stated in *McFadden v. Lucas*, 713 F.2d 143 (5th Cir.), *cert. denied*, 464 U.S. 998, 104 S.Ct. 499, 78 L.Ed.2d 691 (1983) that:

> Viewing the plaintiff's *pro se* complaint with the liberality to which it is due, ... we look to see whether under 28 U.S.C. Section 1915(d) the complaint was "frivolous or malicious" .... By "frivolous" we mean that no arguable factual or legal basis of constitutional dimension exists for the asserted wrong.

*Id.* at 145.

 Rendering the most liberal reading imaginable to the instant Complaint, the Court would have to be a prognosticator to isolate the Plaintiff's short and simple statement of his claim for relief as required under Federal Rule of Civil Procedure 8(a). As to Defendant Cabana particularly, and as an additional reason for determining Plaintiff's Complaint frivolous with respect to all aforementioned Defendants, the Court finds that Plaintiff's Complaint is utterly absurd and nonsensical and therefore "frivolous" as defined in *Lucas. Harris v. United States Department of Justice*, 680 F.2d 1109, 1111 (5th Cir.1982), *cert. denied*, 459 U.S. 1212, 103 S.Ct. 1209, 75 L.Ed.2d 449 (1983).

Frank Hanner, Jr., and his Complaints are not strangers to this Court. A review of the Clerk's index shows that Plaintiff has approximately twenty (20) civil and/or habeas actions presently pending. To assert that Plaintiff is an avid and persistent litigator would be an understatement; that Plaintiff's intent in pursuing most, if not all, of this litigation is malicious can readily be inferred. *Carter v. Telectron, Inc.*, 452 F.Supp. 944, 990 (S.D.Tex.1977); *Dickenson v. French*, 416 F.Supp. 429, 432, n. 6 (S.D.Ala.1976).

The Court finds that Plaintiff's Complaint is malicious and frivolous under 28 U.S.C. Section 1915(d). It is, therefore,

ORDERED that Plaintiff be denied the opportunity to proceed *in forma pauperis*. It is further,

ORDERED that this cause be dismissed with prejudice.