**John W. PEARSALL, Plaintiff,**

**v.**

**Violette K. PHILLIPS, et al., Defendants.**

**No. 93–MISC–2–7.**

United States District Court,
E.D. North Carolina,
Wilmington Division.

March 16, 1993.

John W. Pearsall, pro se.

*ORDER*

FOX, Chief Judge.

This matter is before the court on the Magistrate Judge's memorandum and recommendation filed March 1, 1993. Plaintiffs have filed objections thereto.

After an independent and thorough review of the Magistrate Judge's memorandum, all objections thereto, and a de novo review of the record, the court concludes that the recommendation is correct and in accordance with law. Accordingly, the Magistrate Judge's recommendation is accepted and plaintiff's motion to proceed *in forma pauperis* is GRANTED and this case is DISMISSED.

SO ORDERED.

*MEMORANDUM AND RECOMMENDATION*

Filed March 1, 1993.

DIXON, United States Magistrate Judge.

Plaintiff, a resident of the District of Columbia, has filed a motion for preliminary injunction, a complaint captioned "Action for Fraudulent Detention and Injury of Inherited Real Property and Restorational Damages," a package of documents entitled "Offer of Relevant Evidence," and a motion to proceed *in forma pauperis* (IFP). The matter is before the court for review of plaintiff's IFP application.

■ Although the court is persuaded that the prospective plaintiff is indigent, the inquiry does not end there. The court has a duty to determine whether the complaint, liberally construed, is potentially meritorious, and not frivolous or malicious. *Harris v. U.S. Dept. of Justice,* 680 F.2d 1109 (5th Cir.1982), *cert. denied,* 459 U.S. 1212, 103 S.Ct. 1209, 75 L.Ed.2d 449 (1983).

■ The standard for determining frivolity is not synonymous with the standard for dismissal under Fed.R.Civ.P. 12(b)(6). Instead, 28 U.S.C. § 1915(d) recognizes that the requirement of paying a filing fee discourages solvent litigants from filing baseless lawsuits, but that IFP applicants do not have the same financial incentive to be responsible in their court filings. Thus, the statute is intended to compensate for the fact that indigents who do not pay filing fees have nothing at risk in making the filing. "To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke v. Williams,* 490 U.S. 319, 327, 109 S.Ct. 1827, 1833, 104 L.Ed.2d 338 (1989). With this authority in mind, I now turn to the specifics of plaintiff's claim.

■ Plaintiff's *pro se* filings are extremely difficult to follow. However, the gravamen of the action concerns plaintiff's contention that he inherited a certain parcel of land in Duplin County, North Carolina, and that the defendants illegally acquired the land. Plaintiff contends that the defendants are attorneys, and that they concealed their wrongful acquisition of the property. He alleges that the defendants are trespassing, that they have misappropriated timber rights on the property, and have committed waste. He seeks repossession of the property and money damages. Plaintiff broadly claims that this suit arises under the Fourteenth Amendment and various state statutes.

These claims, viewed under the broad standard applicable in frivolity review, might ordinarily survive dismissal. However, the complaint shows that plaintiff pursued an identical claim in the state courts. The complaint admits that the state court action was dismissed for failure to state a claim, and that plaintiff was sanctioned in the amount of $500.00 under Rule 11 of the North Carolina Rules of Civil Procedure. A copy of the dismissal order from the Duplin County Superior Court, dated November 30, 1987, the Honorable Henry L. Stevens, III, Judge Presiding, is among the documents accompanying plaintiff's filing. The complaint further admits that plaintiff's efforts at appealing the decision were rejected by the North Carolina Court of Appeals.

Under these circumstances, it is evident that the current suit is barred by the doc-

trine of *res judicata.* Plaintiff is attempting to sue the identical defendant named in the state suit. Furthermore, the federal complaint admits that the state suit was a "piecemeal" action to gain an explanation of "rights, status, and other legal relations to" the disputed parcel.

■ Federal courts have long adhered to the doctrine of *res judicata,* in which "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Allen v. McCurry,* 449 U.S. 90, 94, 101 S.Ct. 411, 414, 66 L.Ed.2d 308 (1980). The federal courts have also accorded preclusive effect to the decisions of state courts, whenever the courts of the particular state would do so. *Id.* at 95, 96, 101 S.Ct. at 415, 415–16. Under North Carolina law, a dismissal for failure to state a claim can have the same effect as a decision on the merits unless the court specifically directs that the dismissal is without prejudice. *Johnson v. Bollinger,* 86 N.C.App. 1, 356 S.E.2d 378, 383 (1987). Judge Stevens' dismissal order does not specify that it was without prejudice. Rather, it is clear that the entire suit was found to be without factual, or legal, foundation and was brought for improper purposes. Actions barred by *res judicata* are properly dismissed as frivolous under § 1915(d). *See, e.g., Nole v. Deramus,* 1991 WL 155566 (E.D.Pa. August 2, 1991); *Shropshear v. Grzeca,* 1990 WL 7087 (N.D.Ill. January 18, 1990) (frivolity dismissal appropriate based on *res judicata* ).

For these reasons, it is RECOMMENDED that plaintiff's motion to proceed *in forma pauperis* be GRANTED and this action be DISMISSED.