# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 10, 2008

Charles R. Fulbruge III
Clerk

No. 07-20345

EDWIN P. WILSON

Plaintiff - Appellant

v.

LAWRENCE BARCELLA; CHARLES A. BRIGGS; THEODORE S. GREENBERG; STANLEY SPORKIN; STEPHEN TROTT; DELWEN LOWELL JENSEN; MARK M. RICHARD; JAMES L. POWERS; DANIEL K. HEDGES; JANE DOES 1-XX; JOHN DOES 1-XX

Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:05-CV-3646-LHR

Before KING, WIENER, and ELROD, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Edwin P. Wilson, a former Central Intelligence Agency ("CIA") operative, brought the instant damages suit, under Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics,[1] against eight Defendants-Appellees — seven former Department of Justice lawyers and one former CIA

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] 403 U.S. 388 (1971).

official.[2] The Defendants-Appellees were directly and indirectly involved in four criminal cases (in the District of Columbia, Texas, Virginia, and New York) and one Tax Court/bankruptcy proceeding filed against Wilson in the 1980s. In a well-reasoned and thorough opinion, the district court dismissed Wilson's complaint, holding, inter alia, that (1) his claims related to the Tax Court case were time-barred by the applicable statute of limitations and (2) all of the Defendants-Appellees were absolutely immune from suit for their conduct related to the four criminal prosecutions of Wilson.

On appeal, Wilson has dropped his Bivens claims against four of the eight Defendants-Appellees, namely Daniel K. Hedges, James L. Powers, Theodore S. Greenberg, and Charles A. Briggs. He has not abandoned his Bivens claims against Defendants-Appellees Lawrence Barcella, Mark M. Richard, Delwen Lowell Jensen, and Stephen Trott, but only challenges two aspects of the district court's holding, insisting that the district court erred in concluding that (1) his claims related to the Tax Court proceeding are time barred and (2) Barcella, Richard, Jensen, and Trott are protected by absolute prosecutorial immunity for their decisions to suppress allegedly exculpatory materials related to Wilson's appeal of his Texas criminal conviction and Tax Court case.

After careful review of the record, applicable law as set forth in the briefs of both parties, their counsels' representations to us at oral argument, and our own independent research, we are satisfied that the district court correctly dismissed Wilson's action in its entirety. We hold that Wilson's Bivens claims related to his Tax Court proceeding are barred by Texas's statute of limitations.[3]

---

[2] In February 2006, Wilson dropped his claim against Stanley Sporkin, who had been the General Counsel of the CIA.

[3] Although the district court applied the statute of limitations of the District of Columbia (the locus of the alleged misconduct in the Tax Court proceeding), Greenberg convincingly argues in his brief that, following our decision in Jones v. Bales, 480 F.2d 805 (5th Cir. 1973), the statute of limitations of the state of Texas (the forum of Wilson's action) should

Although we pretermit consideration of the whether the Defendants-Appellees are protected by absolute immunity for their conduct related to the Tax Court case because this claim is time barred, we hold that all Defendants-Appellees are immunized for their conduct related to the appeal of Wilson's Texas conviction.

The judgment of the district court is AFFIRMED.

---

apply. Wilson expressly and unequivocally conceded this point at oral argument. We therefore apply the statute of limitations of Texas.